# EXHIBIT 1



| | | |
|---|---|---|
| SIDLEY AUSTIN LLP<br>ONE SOUTH DEARBORN<br>CHICAGO, IL 60603<br>(312) 853 7000<br>(312) 853 7036 FAX<br><br>lcunningham@sidley.com<br>(312) 853-7594 | BEIJING<br>BRUSSELS<br>CHICAGO<br>DALLAS<br>FRANKFURT<br>GENEVA<br>HONG KONG<br>LONDON<br><br>FOUNDED 1866 | LOS ANGELES<br>NEW YORK<br>SAN FRANCISCO<br>SHANGHAI<br>SINGAPORE<br>SYDNEY<br>TOKYO<br>WASHINGTON, D C |

December 28, 2007

<u>VIA FEDEX AND FAX (904-245-5601)</u>

Unitrin Preferred Insurance Company
5210 Belfort Road, Suite 120
Jacksonville, FL 32256

Re:   **DEMAND FOR ARBITRATION**

Dear Sir or Madam:

    We represent Continental Insurance Company ("CIC") in connection with the following demand for arbitration against The Unity Fire and General Insurance Company, n/k/a Unitrin Preferred Insurance Company ("Unity Fire").

    CIC issued Excess Umbrella Liability Policy No. SRX 2153454 effective January 1, 1981 to January 1, 1982 and Excess Umbrella Liability Policy No. SRX 3196874 effective January 1, 1982 to January 1, 1983 to Minnesota Mining and Manufacturing Company (the "3M Policies").

    Unity Fire reinsured the 3M Policies under Casualty Facultative Reinsurance Certificate Nos. A1384-U and A2384-U effective January 1, 1981 - January 1, 1982 and January 1, 1982 - January 1, 1983, respectively (the "Reinsurance Contracts"). In exchange for a portion of CIC's premium, Unity Fire agreed to indemnify CIC under the Reinsurance Contracts for loss and loss expense paid under the 3M Policies.

    CIC has made payments under the 3M Policies for silicon breast implant-related claims asserted against 3M. Unity Fire was billed $1,774,363 in 2006 (the "3M Claim") for its share of those payments. Unity Fire is obliged under the Reinsurance Contracts to indemnify CIC for the 3M Claim, but has failed to do so.

    At all pertinent times, the Reinsurance Contracts contained a clause requiring arbitration of disputes arising thereunder. CIC hereby demands arbitration against Unity Fire with respect to the 3M Claim and further demands that Unity Fire appoint an arbitrator within sixty (60) days of today. If Unity Fire fails to timely appoint its arbitrator, CIC shall appoint one for it, pursuant to the terms of the arbitration clause.

Sidley Austin LLP is a limited liability partnership practicing in affiliation with other Sidley Austin partnerships



Unitrin Preferred Insurance Company
December 28, 2007
Page 2

      CIC shall seek from the Arbitration Panel an award directing Unity Fire to pay to CIC its subscribed share of the 3M Claim, along with interest, attorneys' fees, and such further relief as the arbitration panel deems just.

Very truly yours,

Thomas D. Cunningham

cc:    Victoria P. Hallock
        Eric J. Byrd

CH1 4099583v.1



| | SIDLEY AUSTIN LLP | BEIJING | LOS ANGELES |
|---|---|---|---|
| | ONE SOUTH DEARBORN | BRUSSELS | NEW YORK |
| | CHICAGO, IL 60603 | CHICAGO | SAN FRANCISCO |
| | (312) 853 7000 | DALLAS | SHANGHAI |
| | (312) 853 7036 FAX | FRANKFURT | SINGAPORE |
| | | GENEVA | SYDNEY |
| | | HONG KONG | TOKYO |
| | | LONDON | WASHINGTON, D C |

FOUNDED 1866

## FACSIMILE/TELECOPIER TRANSMISSION

**From:** Name: Daniel J Neppl
Voice: 312 853-7334

**To:** Name: Unitrin Preferred Insurance Company
Company: Unitrin Preferred Insurance Company
Facsimile#: 904 245-5601
Voice Phone:
Subject: Continental Insurance Company - Demand for Arbitration

Date: 12/28/2007    Time: 10:06:48 AM    No. Pages (Including Cover): 3

**Message:**
The attached is being sent to you on behalf of Thomas D Cunningham.

. . . . . . . . .

IRS CIRCULAR 230 DISCLOSURE: To comply with certain U S Treasury regulations, we inform you that, unless expressly stated otherwise, any U.S federal tax advice contained in this communication, including attachments, was not intended or written to be used. and cannot be used. by any taxpayer for the purpose of avoiding any penalties that may be imposed on such taxpayer by the Internal Revenue Service In addition, if any such tax advice is used or referred to by other parties in promoting, marketing or recommending any partnership or other entity, investment plan or arrangement, then (i) the advice should be construed as written in connection with the promotion or marketing by others of the transaction(s) or matter(s) addressed in this communication and (ii) the taxpayer should seek advice based on the taxpayer's particular circumstances from an independent tax advisor

. . . . . . . . .

Problems with this transmission should be reported to:
THIS MESSAGE IS INTENDED ONLY FOR THE USE OF THE INDIVIDUAL(S) OR ENTITY(IES) TO WHICH IT IS ADDRESSED AND MAY CONTAIN INFORMATION THAT IS PRIVILEGED, CONFIDENTIAL AND EXEMPT FROM DISCLOSURE UNDER APPLICABLE LAW IF THE READER OF THIS MESSAGE IS NOT THE INTENDED RECIPIENT OR THE EMPLOYEE OR AGENT RESPONSIBLE FOR DELIVERING THE MESSAGE TO THE INTENDED RECIPIENT, YOU ARE HEREBY NOTIFIED THAT ANY DISSEMINATION, DISTRIBUTION OR COPYING OF THIS COMMUNICATION IS STRICTLY PROHIBITED. IF YOU HAVE RECEIVED THIS COMMUNICATION IN ERROR, NOTIFY US IMMEDIATELY BY TELEPHONE AND RETURN THE ORIGINAL MESSAGE TO US AT THE ABOVE ADDRESS VIA THE U.S. POSTAL SERVICE

SIDLEY AUSTIN LLP IS A LIMITED LIABILITY PARTNERSHIP PRACTICING IN AFFILIATION WITH OTHER SIDLEY AUSTIN PARTNERSHIPS