**IN THE UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF ILLINOIS**
**EASTERN DIVISION**

| | | |
|---|---|---|
| Continental Casualty Company and Continental Insurance Company, | ) ) ) | |
| Plaintiffs, | ) ) | No. 07-C-6912 |
| v. | ) ) ) | Honorable Judge Harry D. Leinenweber |
| Commercial Risk Re-Insurance Company, Commercial Risk Reinsurance Company Limited, General Security Indemnity Company of Arizona, General Security National Insurance Company, GIE Columbus, SCOR, and SCOR Reinsurance Company | ) ) ) ) ) ) ) ) | Magistrate Judge Arlander Keys |
| Defendants. | ) ) | |

**AGREED MOTION FOR ENTRY OF A**
**PROTECTIVE ORDER DESIGNATING RESTRICTED DOCUMENTS**

Commercial Risk Re-Insurance Company, Commercial Risk Reinsurance Company Limited, General Security Indemnity Company of Arizona, General Security National Insurance Company, GIE Columbus, SCOR S.E., and SCOR Reinsurance Company (collectively, "SCOR") and Continental Casualty Company and Continental Insurance Company (collectively, "CNA"), hereby move this Court for entry of a protective order designating restricted documents, and in support thereof state as follows:

1. Local Rule 26.2 provides "The court may for good cause shown enter an order directing that one or more documents be restricted." LR26.2(b). A "restricted document" is defined as "a document or an exhibit to which access has been restricted either by a written order, or by a rule." LR26.2(a).

2. Federal Rule of Civil Procedure 26(c) provides that this Court may enter an order requiring "that the disclosure or discovery may be had only on specified terms and conditions;"

"that certain matters not be inquired into, or that the scope of the disclosure or discovery be limited to certain matters;" and "that a trade secret or other confidential … commercial information not be revealed or be revealed only in a designated way." F.R.C.P. 26(c) ¶¶ (2), (4), and (7).

3. SCOR and CNA are parties to a Commutation and Release Agreement dated December 21, 2006 (the "Commutation"). By its terms, the Commutation "all terms and conditions thereof, and all matters relating to the negotiations of this [Commutation] are and shall remain confidential…" (Commutation, Art. 7 ¶ 4). The Commutation further provides "its terms may be disclosed by any Party in any proceeding against the other Party to enforce the terms of this [Commutation.]" (Commutation, Art. 7 ¶ 7).

4. CNA has attached an unredacted copy of the Commutation to its Complaint and the Commutation is currently in the public record.

5. CNA maintains that this declaratory judgment action is an action to "enforce the proper scope" of the Commutation, and that it was permitted to disclose the terms of the Commutation, without the need to seek SCOR's permission or consent.

6. SCOR disagrees with CNA's characterization of this declaratory judgment action and maintains that it is, by its very nature, an action seeking a declaration of its rights to enforce certain other contracts, not to enforce or interpret the Commutation.

7. Notwithstanding the parties disagreement over the nature of the action, SCOR maintains that it is preferable to keep the Commutation confidential, and CNA does not disagree.

8. There is good reason to redact and restrict certain portions of the Commutation.

9. The financial terms of the Commutation constitute sensitive and confidential business secrets. Were the general market to know the terms upon which SCOR or CNA will

commute reinsurance agreements, it could materially harm both companies' ability to negotiate such agreements in the future.

10.     The public has no need to know the specific financial terms of the Commutation. Indeed, this action is not even predicated upon a dispute over those terms.  This action purports to raise a dispute over the scope of the Commutation – not the consideration.  In other words, by designating the Commutation a "Restricted Document" as that term is defined in Local Rule 26.1(a), there is no threat to the fundamental concept of open courts.

WHEREFORE, for the reasons set forth above, Commercial Risk Re-Insurance Company, Commercial Risk Reinsurance Company Limited, General Security Indemnity Company of Arizona, General Security National Insurance Company, GIE Columbus, SCOR S.E., and SCOR Reinsurance Company (collectively, "SCOR") and Continental Casualty Company and Continental Insurance Company (collectively, "CNA"), ask that this Court enter a Protective Order in substantially the same form as Exhibit A, designating the Commutation & Release Agreement a restricted document, and ordering the Clerk of the Court to remove all unredacted copies of the Commutation & Release Agreement from the public record.

Date:  February 29, 2008    **COMMERCIAL RISK RE-INSURANCE COMPANY, COMMERCIAL RISK REINSURANCE COMPANY LIMITED, GENERAL SECURITY INDEMNITY COMPANY OF ARIZONA, GENERAL SECURITY NATIONAL INSURANCE COMPANY, GIE COLUMBUS, SCOR S.E., AND SCOR REINSURANCE COMPANY,**


By:   /s/ Michael C. Kasdin
      One of their attorneys

Stephen W. Schwab  (ARDC # 6183518)
Carl H. Poedtke III   (ARDC # 6237886)
Michael C. Kasdin   (ARDC # 6283200)
**DLA PIPER US LLP**
203 North LaSalle Street
Suite 1900
Chicago, IL 60601
Tel (312) 368-4000
Fax (312) 236-7516

**CONTINENTAL CASUALTY COMPANY AND CONTINENTAL INSURANCE COMPANY**


By:   /s/ Thomas D. Cunningham (with permission)
      One of their attorneys

William M. Sneed
Thomas D. Cunningham
**Sidley Austin LLP**
One South Dearborn Street
Chicago, Illinois 60603
312-853-7000

4