**IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

| | | |
|---|---|---|
| Continental Casualty Company and<br>Continental Insurance Company, | ) | |
| | ) | |
| Plaintiffs, | ) | No.  07-C-6912 |
| | ) | |
| v. | ) | |
| | ) | Honorable Judge Harry D. Leinenweber |
| Commercial Risk Re-Insurance Company, | ) | |
| Commercial Risk Reinsurance Company | ) | |
| Limited, General Security Indemnity | ) | Magistrate Judge Arlander Keys |
| Company of Arizona, General Security | ) | |
| National Insurance Company, GIE | ) | |
| Columbus, SCOR, and SCOR | ) | |
| Reinsurance Company | ) | |
| | ) | |
| Defendants. | ) | |

**AGREED PROTECTIVE ORDER DESIGNATING RESTRICTED DOCUMENTS**

This matter having come before this Court on the Agreed Motion of Commercial Risk Re-Insurance Company, Commercial Risk Reinsurance Company Limited, General Security Indemnity Company of Arizona, General Security National Insurance Company, GIE Columbus, SCOR S.E., and SCOR Reinsurance Company (collectively, "SCOR") and of Continental Casualty Company and Continental Insurance Company (collectively, "CNA"), for entry of a Protective Order Designating Restricted Documents, the Court finds:

1)      All parties of record have received due notice;

2)      SCOR and CNA have shown good cause that the document entitled "Commutation and Release Agreement" and all addenda and exhibits to that document should be designated "Restricted Documents" as that term is defined in Local Rule 26.2(a) and certain terms of those documents should be redacted to protect the legitimate commercial interests of the parties;

It is hereby ORDERED:

1)      The document entitled "Commutation and Release Agreement" and all addenda and exhibits to that document are designated "Restricted Documents" as that term is defined in Local Rule 26.2(a) and should be redacted to conceal sensitive information;

2)      The only persons who may have access to unredacted Restricted Documents or the confidential information therein without further leave of this Court are:

i.      Named parties to this action,

ii.     Counsel for the parties to this action, consulting or testifying expert witnesses, and members of their respective staff as required to assist; and

iii.    the Court and members of its staff as required to assist the Court.

3)      Any Restricted Document which is produced pursuant to this Order shall be redacted to conceal confidential financial information, including, but not limited to, premium amounts, coverage limits, and any commutation values.  Any use of a Restricted Document shall be limited to those uses necessary and incidental to the prosecution or defense of this action, styled as *Continental Casualty Company and Continental Insurance Company v Commercial Risk Re-Insurance Company, Commercial Risk Reinsurance Company Limited, General Security Indemnity Company of Arizona, General Security National Insurance Company, GIE Columbus, SCOR, and SCOR Reinsurance Company*, currently pending as case number 07-6912 in the United States Court for the Northern District of Illinois.

4)      The Clerk of the Court is hereby ordered to remove the Restricted Documents from the public record and place them under seal.

5)      Plaintiffs and their counsel shall cease from any further distribution or disclosure of the Restricted Documents and shall undertake reasonable efforts to recover such Documents from the agents to whom they were distributed in any form prior to entry of this Order, except

6

for those parties permitted to have access to the Restricted Documents according to its terms or the terms of this Order.

6)      Within 30 days of the conclusion of the case, any party who has possession of these Restricted Documents who is not a party to the Restricted Documents shall destroy all copies thereof, and certify the same by affidavit made under oath and delivered to the counsel for the owner of the Restricted Document.

7)      Within 63 days of the conclusion of the case in this Court, counsel may obtain the return of any previously-sealed or previously-restricted documents by motion.  Any documents not so withdrawn will become part of the public case file.

8)      The Parties to this action may, by unanimous written agreement, agree to modify or waive any term of this Order without further leave of this Court.


        IT IS SO ORDERED


        ENTER:


                                        _____
                                        Honorable Judge Harry D. Leinenweber
                                        United States District Judge