Ex. A

RECEIVED

JUN 21 1991

MAXINE VERNE

## ASSUMPTION RETROCESSION AGREEMENT

This ASSUMPTION RETROCESSION AGREEMENT (this "Agreement"), executed on the 1st day of May 1991 by and between The Unity Fire and General Insurance Company, a corporation organized and existing under the laws of the State of New York (the "Retrocedent" or the "Company"), and General Security Assurance Corporation of New York, a corporation organized and existing under the laws of New York (the "Retrocessionaire"),

### WITNESSETH THAT

WHEREAS, the Retrocedent and the Retrocessionaire are entering into this Agreement on the terms and conditions contained herein so that the Retrocedent may retrocede to the Retrocessionaire one hundred percent (100%) of the gross obligations and liabilities relating to the Retrocedent's assumed reinsurance business and the Retrocessionaire may assume such obligations and liabilities of the Retrocedent with respect to such business;

NOW THEREFORE, in consideration of the mutual covenants and premises, and subject to the terms and conditions, stated herein, the parties hereto agree as follows:

### ARTICLE I

### BUSINESS ASSUMPTIVELY REINSURED

1.  The Retrocedent hereby retrocedes to the Retrocessionaire, and the Retrocessionaire hereby assumes as reinsurance from the Retrocedent as direct obligations of the Retrocessionaire, one hundred percent (100%) of the Contract Liabilities (as defined below) relating to any and all contracts of assumed reinsurance made by or on behalf of the Company other than contracts between Retrocedent and the Retrocessionaire (which are being commuted as of the date hereof) (all such contracts referred to above are referred to herein as the "Contract" or "Contracts"). The Contracts constitute all of the in-force business of the Retrocedent (other than contracts being commuted).

2.  The Retrocessionaire shall have the benefit of any and all defenses, setoffs and counterclaims to which the Retrocedent would be entitled with respect to such Contract Liabilities, it being expressly understood and agreed by the parties hereto that no such defenses, setoffs or counterclaims are waived by the execution of this Agreement

23390-1\agrccn

or the consummation of the transactions contemplated hereunder and that, as of the Effective Date (as defined below), the Retrocessionaire shall be fully subrogated to all such defenses, setoffs and counterclaims.

3.     The Retrocessionaire shall, immediately after the execution of this Agreement, use its best efforts to enter into an endorsement to each of the Contracts substantially in the form attached hereto as Exhibit A.

4.     As of the Effective Date, to the extent that endorsements are entered into, the Retrocessionaire shall be the successor to the Retrocedent under the Contracts as if such Contracts were direct obligations of the Retrocessionaire and each reinsured under any Contract may thereafter disregard the Retrocedent as a party thereto and treat the Retrocessionaire as if it had been originally obligated thereunder.  Payments made by the Retrocessionaire to reinsureds subsequent to the Effective Date in discharge of obligations to provide reinsurance to reinsureds will diminish any obligation in respect thereof which the Retrocessionaire may have to the estate of the Retrocedent if it shall be in receivership, liquidation or rehabilitation proceedings.  After the Effective Date, the reinsureds shall have the right to file claims arising under the Contracts directly with the Retrocessionaire and the Retrocessionaire hereby consents to be subject to direct action taken by any reinsured in accordance with such reinsured's rights under the Contract; provided, however, that this Agreement shall not confer upon any reinsured rights other than such rights that the reinsured would have had in the absence of this Agreement (except that in assessing such rights no effect shall be given to any bankruptcy, liquidation, insolvency, reorganization or moratorium of the Retrocedent, or the effect of laws or legal procedures affecting enforcement of creditors' rights against the Retrocedent generally).  On and after the Effective Date, the Retrocessionaire shall have all rights to subrogation and salvage under the Contracts.

5.     To the extent that endorsements cannot be entered into as to any Contracts, this Agreement shall constitute a 100% quota share retrocession of the Contract Liabilities relating to such Contracts and the Retrocessionaire hereby agrees to assume such Contract Liabilities.  All of the other provisions of this Agreement shall remain applicable to such Contracts.

## ARTICLE II

### ASSIGNMENT OF RETROCESSIONAL AGREEMENTS

1.     Regardless of whether retrocessional reinsurance novation agreements are entered into, the Retrocessionaire shall be substituted for and succeed to all of the rights

23390-1\agrcon

and liabilities of the Retrocedent, and shall be recognized for all purposes as the "Retrocedent" thereunder in substitution for the Retrocedent, under any retrocessional reinsurance agreements in effect as of the Effective Date between the Retrocedent (as the retrocedent) and any reinsurer, including, without limit, the reinsurance agreements described in Schedule 1, (the "Retrocessional Agreements"). As of the Effective Date, the Retrocedent shall sell, assign, transfer and convey, and the Retrocessionaire shall purchase, be bound by and assume, any and all rights and obligations of the Retrocedent under any Retrocessional Agreement including amounts held by or which may become due from reinsurers for losses or loss adjustment expenses on the Contracts for which the Retrocessionaire has assumed liability or for losses paid by the Retrocedent prior to the Effective Date. The Retrocessionaire shall use its best efforts to effect, as promptly as possible, an endorsement to each Retrocessional Agreement substituting the Retrocessionaire for the Retrocedent as to all reinsurance which relates exclusively to the Contracts, in substantially the form attached hereto as Exhibit B. The Retrocedent agrees to enter into such endorsements and, if reasonably requested by the Retrocessionaire, aid the Retrocessionaire, at the Retrocessionaire's expense, in obtaining any such endorsement.

2.    The Retrocedent shall, if reasonably requested by the Retrocessionaire, aid the Retrocessionaire, at the Retrocessionaire's expense, in collection of all amounts due in respect of the Contract Liabilities from reinsurers which do not agree to an endorsement to the applicable retrocessional agreements and shall forward any funds collected to the Retrocessionaire. The collectibility of such reinsurance shall be at the risk and for the account of the Retrocessionaire.

3.    The Retrocessionaire shall have full power and authority in accordance with the designation of the Retrocessionaire as attorney-in-fact for the Retrocedent pursuant to Article VI hereof for purposes of administering the Contracts, to act for and on behalf of the Retrocedent with respect to any and all letters of credit outstanding for the benefit of the Retrocedent pursuant to the terms of any of the Retrocessional Agreements. The Retrocedent and the Retrocessionaire shall, at the expense of the Retrocessionaire, each use their best efforts, to the extent mutually agreed to be necessary, to cause the reinsurers of the Retrocedent under the Retrocessional Agreements to post replacement letters of credit to be issued directly in favor and for the benefit of the Retrocessionaire in the same or a greater amount, unless the Retrocessionaire shall consent to a reduced amount.

23390-1\agrcon

## ARTICLE III

### TERRITORY

This Agreement shall apply to Contracts covering risks wherever situated.

## ARTICLE IV

### TERM

This Agreement shall be made effective as of 12:01 a.m., Eastern Standard Time, on the 1st day of January, 1991 (the "Effective Date"), and shall continue in effect until and unless terminated in accordance with Article XI hereof.

## ARTICLE V

### CONTRACT LIABILITIES

The term "Contract Liabilities" shall mean all gross liabilities and obligations of the Retrocedent based upon or arising out of the Contracts (excluding liabilities and obligations of the Retrocedent paid or otherwise discharged prior to the Effective Date) before deduction for all applicable cessions, if any, under the Retrocedent's retrocessional reinsurance programs and, in addition, shall include losses, liabilities, costs and expenses arising out of claims of retrocessionaires relating to the Contracts, whether for additional premiums or otherwise and shall include liability for extra contractual obligations, if any, for which the Retrocedent may have indemnified ceding companies against under the terms of the Contracts.

## ARTICLE VI

### CONTRACT ADMINISTRATION

1.   The Retrocessionaire shall administer and service all of the Contracts reinsured under this Agreement.  In order to assist and to more fully evidence the substitution of the Retrocessionaire in the place and stead of the Retrocedent, the Retrocedent hereby nominates, constitutes and appoints the Retrocessionaire as the attorney-in-fact of the Retrocedent with respect to the rights, duties, privileges and obligations of the Retrocedent in and to the Contracts and the Retrocessional Agreements, with full power and authority to act in the name, place and stead of the Retrocedent with respect to the Contracts and the Retrocessional Agreements, including without limitation,

23390-1\agrcon

the power, without reservation, to adjust, to defend, to
settle and to pay all claims, to recover salvage and
subrogation for any losses incurred under any of the
Contracts and to take such other and further actions as may
be necessary or desirable to effect the transaction
contemplated by this Agreement.

2.    The Retrocessionaire shall bear all expenses
incurred in connection with the administration of the
Contracts on and after the Effective Date.

3.    The Retrocessionaire shall have authority and
discretion with respect to all matters relating to claim
settlement and litigation concerning the Contracts,
including, but not limited to, the selection of counsel.  The
Retrocessionaire shall bear all expenses incurred in
connection with settling such claims or with such litigation,
including but not limited to the cost of routine
investigations, legal fees and interest charges and shall pay
directly on behalf of the Retrocedent all amounts due under
the Contracts.

## ARTICLE VII

### INDEMNIFICATION

1.    Subject to the provisions of paragraph 3 of this
Article VII, the Retrocessionaire shall indemnify the
Retrocedent against, and hold it harmless from, (i) Contract
Liabilities (as defined in Article V) and (ii) all losses,
claims, damages and liabilities and shall reimburse the
Retrocedent for all expenses of any kind or nature whatsoever
(including reasonable attorneys' fees) as incurred, that are
based upon or arise out of (x) the breach of any obligation
of the Retrocessionaire provided for in this Agreement or (y)
the failure by Retrocessionaire to discharge any obligations
of the Retrocedent to the extent that the same are assumed by
the Retrocessionaire pursuant to this Agreement or any
endorsement agreement provided for herein.

2.    Subject to the provisions of paragraph 3 of this
Article VII, the Retrocedent shall indemnify the
Retrocessionaire against, and hold it harmless from, all
losses, claims, damages and liabilities and shall reimburse
the Retrocessionaire for all expenses of any kind or nature
whatsoever (including reasonable attorneys' fees) as
incurred, that are based upon or arise out of the breach of
any obligation of the Retrocedent provided for in this
Agreement.

3.    Within 60 days after receipt by the Retrocedent or
the Retrocessionaire, as the case may be (the "Indemnified
Party"), of notice of the commencement of any claim, action

23390-1\agrcon

or proceeding the subject of this Article VII, the
Indemnified Party shall give notice to the other party (the
"Indemnifying Party") of such claim, action or proceeding and
the Indemnifying Party shall at its expense assume the
defense of any such claim, action or proceeding; provided,
however, that the failure by the Indemnified Party to give
timely notice as provided herein shall not relieve the
Indemnifying Party of its indemnification obligations under
this Agreement except to the extent that the omission
results in a failure of actual notice to the Indemnifying
Party and the Indemnifying Party is damaged as a result of
the failure to receive such notice.  In the defense of any
such claim against the Indemnified Party (whether singly or
with the Indemnifying Party) or of any action or proceeding
in which the Indemnified Party is named as a party, the
Indemnifying Party shall not, except with the consent of the
Indemnified Party, consent to entry of any judgment or enter
into any settlement which does not include as an
unconditional term thereof the giving by the claimant or
plaintiff to the Indemnified Party of a release from all
liability with respect to such claim, action or proceeding.
In the event that the Indemnifying Party does not accept the
defense of any matter as above provided, the Indemnified
Party, at the cost and expense of the Indemnifying Party,
shall have the full right to defend against any such claim,
action or proceeding and shall be entitled to settle or agree
to pay in full such claim or demand, in its sole discretion.
The Indemnified Party and the Indemnifying Party shall
cooperate in the defense of any claim, action or proceeding
and the records of each relating to the subject matter of
such defense shall be available to the other with respect to
such defense.

## ARTICLE VIII

### INSOLVENCY CLAUSE

    In the event of the insolvency of the Retrocedent, to
the extent that endorsements are not entered into, the
reinsurance under this Agreement shall be payable to the
Retrocedent or to its liquidator, receiver or statutory
successor on the basis of the liability of the Retrocedent
without diminution because of the insolvency of the
Retrocedent.

    It is agreed, however, that the liquidator or receiver
or statutory successor of the Retrocedent shall give written
notice to the Retrocessionaire of the pendency of each claim
against the Retrocedent (indicating the Contract reinsured)
which would involve a possible liability on the part of the
Retrocessionaire within a reasonable tine after such claim is
filed in the liquidation proceeding or in the receivership,

23390-1\agrcon

and that during the pendency of such claim, the
Retrocessionaire may investigate such claim and interpose, at
its own expense, in the proceeding where such claim is to be
adjudicated any defense or defenses that it may deem
available to the Retrocedent or its liquidator, receiver or
statutory successor.  The expense thus incurred by the
Retrocessionaire shall be chargeable, subject to the approval
of the court having jurisdiction over the insolvency or
proceedings against the Retrocedent, to the Retrocedent as
part of the expense of liquidation to the extent of a
proportionate share of the benefit which may accrue to the
Retrocedent solely as a result of the defense undertaken by
the Retrocessionaire.

## ARTICLE IX

### PREMIUMS

1.    As consideration for the assumption of the Contract
Liabilities by the Retrocessionaire, the Reinsurer hereby
pays to the Retrocessionaire the sum of $ _____

2.    The Retrocessionaire shall be entitled to one
hundred percent (100%) of all premium adjustments and other
considerations received after the Effective Date by the
Retrocedent or the Retrocessionaire with respect to the
Contracts.  The Retrocedent shall promptly remit and hereby
assigns to the Retrocessionaire any premiums and other
considerations received by it in respect of any of the
Contracts.  Furthermore, with respect to any such remittance,
the Retrocedent shall also promptly furnish the
Retrocessionaire with any information received by the
Retrocedent accompanying any such remittance pertaining
thereto (e.g., the nature of the payment, source of funds,
contract number and period(s) to which it relates and any
special rates or instructions accompanying same).

## ARTICLE X

### RECORDS AND ACCOUNTING

1.    The Retrocedent shall forward to the
Retrocessionaire such books, records, reports, underwriting
files, reinsurance agreements, claims files and similar
documents as relate to the Contracts (the "Records"), and
shall cooperate with the Retrocessionaire in the transfer of
the administration of the Contracts to the Retrocessionaire.
All right, title and interest in the Contracts and the
Records shall vest in the Retrocessionaire for utilization
and disposition in any manner by the Retrocessionaire,
provided that the Retrocessionaire (i) shall provide the

23390-1\agrcon

Retrocedent access, during the Retrocessionaire's normal business hours, to all such reports, records and information necessary to permit the Retrocedent to respond to or comply with requests for information by governmental or judicial authorities, insurance regulatory bodies, financial auditors or tax auditors or to defend lawsuits or for any other valid business purpose and (ii) shall not destroy any Records without at least 30 days' written notice to the Retrocedent, during which time the Retrocedent shall have the right to take possession of such Records, at the expense of the Retrocedent.

2.    All premium adjustments, losses, and loss adjustment expenses incurred after the Effective Date will be accounted for as direct assumed reinsurance business of the Retrocessionaire.  The Retrocedent will have no further obligations for accounting for the business under this Agreement as of and after the Effective Date.

## ARTICLE XI

### AMENDMENT OR TERMINATION

This Agreement may be amended or terminated only by written instrument signed by both parties.

## ARTICLE XII

### GENERAL PROVISIONS

1.    All notices and other communications shall be in writing and shall be delivered personally or mailed postage prepaid, certified or registered mail, return receipt requested, or telexed, to the party at the address set forth after its respective name below or at such different address as such party shall have advised the other party in writing:

If to the Retrocedent:          The Unity Fire and General
                                    Insurance Company
                                Two World Trade Center
                                Suite 2946
                                New York, NY  10048
                                Attention:  President

If to the Retrocessionaire:     General Security Assurance
                                    Corporation of New York
                                Two World Trade Center
                                Suite 2946
                                New York, NY  10048
                                Attention:  President

23390-1\agrcon

2.    The invalidity or unenforceability of any provision or portion hereof shall not affect the validity or enforceability of the other provision or portions hereof.

3.    Any inadvertent delay, omission or error shall not be held to relieve either party hereto from any obligation under this Agreement if such delay, omission or error is rectified immediately upon discovery and will not prejudice the other party.

4.    This Agreement:

(a)  constitutes the entire agreement and supersede all prior agreements, understandings, and negotiations, both written and oral, between the parties with respect to the subject matter hereof;

(b)  may be executed in counterparts (or by counterpart signature pages), each of which shall be deemed an original and all of which constitute one and the same instrument;

(c)  is not intended to confer any rights upon any person other than the parties hereto and their respective successors and assigns;

(d)  shall be binding upon and inure to the benefit of the parties hereto and their respective successors and assigns; and

(e)  shall be governed by and construed in accordance with the laws of the State of New York.

IN WITNESS WHEREOF, the parties have entered into this Agreement as of the first day and year written above.

ATTEST:

Name: Maxine H. Verne
Title: Assistant Secretary

THE UNITY FIRE AND GENERAL
INSURANCE COMPANY

By _____
   Name: John T. Andrews, Jr.
   Title: Senior Vice President

ATTEST:

Name: Maxine H. Verne
Title: Assistant Secretary

GENERAL SECURITY ASSURANCE
CORPORATION OF NEW YORK

By _____
   Name: John T. Andrews, Jr.
   Title: Senior Vice President

23390-1\agrccn

Exhibit A

REINSURANCE NOVATION AGREEMENT ENDORSEMENT

This Agreement is made and entered into by and among _____ (the "Ceding Company"), GENERAL SECURITY ASSURANCE CORPORATION OF NEW YORK (the "Retrocessionaire") and THE UNITY FIRE AND GENERAL INSURANCE COMPANY (the "Retrocedent") as of the ____ day of _____, 1991.

WHEREAS, the Ceding Company and the Retrocedent entered into a reinsurance contract (Contract Number _____) dated _____ (the "Contract") whereby the Retrocedent acts as a reinsurer of the Ceding Company; and

WHEREAS, the Retrocedent and the Retrocessionaire have entered into an Assumption Retrocession Agreement dated as of January 1, 1991 (the "Retrocession Agreement") whereby the Retrocessionaire acts as a reinsurer of the Retrocedent as to all of the gross assumed reinsurance liabilities of the Retrocedent under the Contract; and

WHEREAS, the parties wish to substitute the Retrocessionaire for the Retrocedent as a party to the Contract;

NOW, THEREFORE, in consideration of the covenants and agreements contained herein, the Ceding Company, the Retrocessionaire and the Retrocedent agree as follows:

1.    As of the Effective Date (as defined below), the Retrocessionaire shall assume all of the liabilities and obligations of the Retrocedent under the Contract and shall be substituted for the Retrocedent, in the Retrocedent's name, place and stead, as the reinsurer thereon so as to effect a novation of the Contract and release the Retrocedent from any and all liabilities or obligations thereunder.

2.    As of the Effective Date, the Retrocessionaire shall be entitled to all of the rights of the Retrocedent under the Contract and shall be entitled to enforce all such rights in the name, place and stead of the Retrocedent.

3.    The effective date of this Endorsement shall be as of 12:01 a.m., Eastern Standard Time, on the 1st day of January, 1991 (the "Effective Date").

23390-1\agrcon

IN WITNESS WHEREOF, the parties have entered into this Endorsement as of the first day and year written above.

[THE CEDING COMPANY]

By: _____
    Name:
    Title:

THE UNITY FIRE AND GENERAL
    INSURANCE COMPANY

By: _____
    Name:  Rene Daniel Brooks
    Title: President

GENERAL SECURITY ASSURANCE
    CORPORATION OF NEW YORK

By: _____
    Name:  Rene Daniel Brooks
    Title: President

23390-1\agrcon

Exhibit B

RETROCESSIONAL REINSURANCE NOVATION AGREEMENT ENDORSEMENT

This Agreement is made and entered into by and among THE UNITY FIRE AND GENERAL INSURANCE COMPANY ("Unity Fire") _____ (the "Reinsurer") and GENERAL SECURITY ASSURANCE CORPORATION OF NEW YORK ("General Security") as of the ____ day of _____, 1991.

WHEREAS, the Reinsurer and Unity Fire entered into a retrocessional reinsurance contract (Contract Number _____) dated _____ (the "Contract") whereby the Reinsurer acts as a retrocessionaire of Unity Fire; and

WHEREAS, Unity Fire and General Security have entered into an Assumption Retrocession Agreement dated as of January 1, 1991 (the "Retrocession Agreement") whereby General Security acts as a reinsurer of Unity Fire as to all of Unity Fire's gross assumed reinsurance liabilities; and

WHEREAS, the parties wish to substitute General Security for Unity Fire as a party to the Contract;

NOW, THEREFORE, in consideration of the covenants and agreements contained herein, the parties agree as follows:

1.    As of the Effective Date, General Security shall assume all of the liabilities and obligations of Unity Fire under the Contract and shall be substituted for Unity Fire in Unity Fire's name, place and stead, as the reinsured thereon so as to effect a novation of the Contract and release Unity Fire from any and all liabilities or obligations thereunder.

2.    As of the Effective Date, General Security shall be entitled to all of the rights of Unity Fire under the Contract and shall be entitled to enforce all such rights in the name, place and stead of Unity Fire.

3.    The effective date of this Endorsement shall be as of 12:01 a.m., Eastern Standard Time, on the 1st day of January, 1991 (the "Effective Date").

23390-1\agrcon

IN WITNESS WHEREOF, the parties have entered into
this Endorsement as of the first day and year written above.

THE UNITY FIRE AND GENERAL
INSURANCE COMPANY

By:     _____
        Name:  Rene Daniel Brooks
        Title: President


[THE REINSURER]

By:     _____
        Name:
        Title:


GENERAL SECURITY ASSURANCE
CORPORATION OF NEW YORK

By:     _____
        Name:  Rene Daniel Brooks
        Title: President

23390-1\agrcon

Schedule I

THE UNITY FIRE AND GENERAL INSURANCE COMPANY

REINSURANCE COVERAGE

| Unity Group Covers | Term |
|---|---|
| Property Facultative First Surplus | 1/1/80 – 12/31/91 |
| Casualty Facultative Quota Share | 4/1/80 – 3/31/86<br>12/1/88 – 12/31/91 |
| Casualty Facultative 1st Excess of Loss | 4/1/80 – 3/31/86 |
| Casualty Facultative 2nd Excess of Loss | 4/1/80 – 3/31/85 |
| Casualty Facultative Clash Cover | 4/1/81 – 3/31/91 |
| Property Catastrophe Excess of Loss<br>Cover (Various Layers) | |
| Aggregate Excess of Loss (Crop Hail) | 1/1/90 – 12/31/90 |
| Net Aggregate Excess of Loss<br>(Stop Loss) | 1/1/90 – 12/31/2004 |

Note: Unity Group Covers include
      General Security

| Unity Fire and General Insurance Treaties | |
|---|---|
| Treaty Old Pro Rata Pool | 1/1/80 – 12/31/91 |
| Treaty New Pro Rata Pool | 1/1/80 – 12/31/91 |
| Treaty Old Excess of Loss Pool | 1/1/66 – 12/31/84 |
| Treaty New Excess of Loss Pool | 1/1/75 – 12/31/84 |

23390-1\agrcon