Ex. B

*F Unity/GS merger NYID*

RECEIVED
MAY 24 1991
MAXINE VERNE

# LeBoeuf, Lamb, Leiby & MacRae

A PARTNERSHIP INCLUDING PROFESSIONAL CORPORATIONS

520 MADISON AVENUE
NEW YORK, NY 10022
(212) 715-8000
FACSIMILE (212) 715-8500
TELEX: 423416 (OR) 1561363

EUROPEAN COMMUNITY: BRUSSELS, BELGIUM AND LONDON, ENGLAND

EASTERN U.S.:
NEW YORK, NY
WASHINGTON, DC
ALBANY, NY
BOSTON, MA
HARRISBURG, PA
HARTFORD, CT
NEWARK, NJ

WESTERN U.S.:
LOS ANGELES, CA
SALT LAKE CITY, UT
SAN FRANCISCO, CA

SOUTHERN U.S.:
JACKSONVILLE, FL
RALEIGH, NC

DIRECT DIAL
212-702-1694

May 20, 1991

BY HAND

Mr. Paul Cohen
Supervising Examiner
Property Companies Bureau
New York Insurance Department
160 West Broadway
New York, New York  10013-3393

Re: The Unity Fire and General Insurance Company ("Unity Fire") and General Security Assurance Corporation of New York ("General Security")

Dear Mr. Cohen:

As a followup to our letter of April 23, 1991 and the Department's letter dated April 26, 1991 relating to the combination of the businesses of Unity Fire and General Security, we are pleased to enclose the following:

1. A copy of the revised Asset Purchase Agreement between Unity Fire and General Security whereby Unity Fire transfers certain assets to General Security in return for stock of General Security. You will note that the amount of assets being transferred has been reduced and that the number of shares to be issued to Unity Fire has also been reduced.

2. The executed Certificate of Amendment of the charter of General Security. You will note that the amendment authorizes 25,758 shares of common stock, which will represent the currently outstanding number of shares held by SCOR U.S. Corporation plus the shares to be issued to Unity

Mr. Paul Cohen
May 20, 1991
Page 2

        Fire. The amendment also changes the name of General Security to "Unity Reinsurance Company." We will appreciate the processing of the amendment by the Department.

        Please call me at your convenience if you have any questions concerning the enclosures. We believe that they conform to the proposals set forth in our April 23, 1991 letter, which we understand to be acceptable to the Department in principle. We have also forwarded a copy of the proposed charter amendment to Mr. Harrigan in Albany.

        SCOR U.S. Corporation had originally intended to offer Unity Fire for sale upon the completion of the arrangements between Unity Fire and General Security. Management is now considering a retention of Unity Fire within the group for the purpose of writing property and casualty insurance. SCOR U.S. Corporation therefore proposes to contribute all of the stock of Unity Fire to General Security, including the shares acquired by SCOR U.S. Corporation as a result of the combination of the businesses of Unity Fire and General Security. We request the consent or non-objection of the Department to the capital contribution by SCOR U.S. Corporation to General Security.

        Thank you for your continued assistance and cooperation in the conclusion of the arrangements involving Unity Fire and General Security. The parties hope to implement the final stages of the arrangements at the earliest opportunity and look forward to receipt of the final approvals by the Department.

                                                 Sincerely yours,

                                               Donald B. Henderson, Jr.

DBH:rb
Enc.

cc:  Patrick Harrigan, Esq.
     Maxine Verne, Esq.

ASSET PURCHASE AGREEMENT

Asset Purchase Agreement, dated as of January 1, 1991, between The Unity Fire and General Insurance Company, a New York corporation ("Seller"), and General Security Assurance Corporation of New York, a New York corporation ("Buyer").

WHEREAS, upon the terms and subject to the conditions of this Agreement, Buyer desires to purchase from Seller, and Seller desires to sell to Buyer, all the assets owned by Seller, other than the assets (the "Retrocession Assets") being assigned to Buyer pursuant to the Assumption Retrocession Agreement, dated as of January 1, 1991 (the "Retrocession Agreement"), between Buyer and Seller, and the assets described in Schedule A hereto.

NOW, THEREFORE, parties hereto agree as follows:

I. PURCHASE AND SALE OF ASSETS

Section 1.1. Purchase Assets. Upon the terms and subject to the conditions of this Agreement, Buyer hereby agrees to purchase, and Seller hereby agrees to sell, convey, assign, transfer and deliver to Buyer, pursuant to an Assignment and Assumption Agreement between Buyer and Seller, in substantially the form attached hereto as Exhibit A (the Assignment Agreement"), on the Closing Date (as defined in Section 1.3 below), all real and personal properties, assets, business and rights of any kind, whether tangible or intangible, owned by Seller on the Closing Date, but excluding the Retrocession Assets and the assets described in Schedule A hereto (the "Purchased Assets"), in consideration of the receipt by Seller from Buyer of the consideration described in Section 1.2 below.

346-20\agrcon                          -1-

Section 1.2  <u>Consideration for Purchased Assets</u>.  The aggregate consideration to be received by Seller from Buyer for the Purchased Assets shall be (i) ___ shares of the Common Stock, par value $___ er share, of Buyer (the "Shares"), and (ii) the assumption by Buyer, pursuant to the Assignment Agreement, of all the liabilities, contingent or otherwise, of Seller incurred on or prior to the Closing Date other than the liabilities being assumed by Buyer pursuant to the Retrocession Agreement (the "Assumed Liabilities") and other than intercompany liabilities being settled as of the date hereof.

Section 1.3  <u>Closing</u>.  The closing of the transactions contemplated by this Agreement (the "Closing") shall take place within three business days following the receipt of all necessary regulatory approvals for the closing of this Agreement and the implementation of the Retrocession Agreement. The date and time of the Closing are herein referred to as the "Closing Date"). At the Closing, Seller shall convey all the Purchased Assets to Buyer and shall deliver to buyer such instruments of sale, transfer, assignment, conveyance and delivery, in form and substance reasonably satisfactory to Buyer, as are required in order to transfer to Buyer good and marketable title to the Purchased Assets; Buyer shall deliver to Seller certificates registered in the name of Seller representing the Shares; and Buyer and Seller shall execute and deliver the Assignment Agreement.

II.  REPRESENTATIONS AND WARRANTIES

Section 2.1  <u>Representations and Warranties of Seller</u>.  Seller hereby represents and warrants to Buyer that:

346-20\agrcon                                -2-

(a)  As of the Closing, Seller will own good and marketable title, free and clear of all liens and encumbrances, to all of the tangible and intangible personal property included in the Purchased Assets (other than assets which are leased), all contracts to which Seller is a party will be in full force and effect and will be valid and legally binding obligations under which Seller will not be in material breach or default, and any real property and buildings held under lease by Seller will be held by Seller under valid, subsisting and enforceable leases;

(b)  Seller is a corporation duly organized, validly existing and in good standing under the laws of the State of New York, is qualified as a foreign corporation in each jurisdiction in which it owns or leases properties or conducts business so as to require such qualifications, an has all requisite corporate power to convey to Buyer the Purchased Assets and to execute, deliver and perform its obligations under this Agreement; and

(c)  The execution, delivery and performance by Seller of this Agreement and the consummation of the transactions contemplated hereby have been duly authorized by all necessary action of the Board of Directors of Seller and on the Closing Date will have been duly authorized by all necessary action of the sole shareholder of Seller; and this Agreement constitutes the valid and legally binding obligation of Seller, enforceable in accordance with its terms, subject, as to enforcement, to bankruptcy, insolvency, reorganization and other similar laws of general applicability relating to or affecting creditors' rights and to general equity principals.

Section 2.2.  <u>Representations and Warranties of Buyer</u>. Buyer hereby represents and warrants to Seller that:

(a) Buyer is a corporation duly organized, validly existing and in good standing under the laws of the State of New York, with full corporate power and authority to enter into this Agreement and perform its obligations hereunder; and

(b) The execution, delivery and performance of this Agreement by Buyer and the consummation of the transactions contemplated hereby have been duly authorized by all requisite corporate action on the part of Buyer; and this Agreement constitutes the valid and legally binding obligation of Buyer, enforceable in accordance with its terms, subject, as to enforcement, to bankruptcy, insolvency, reorganization and other similar laws of general applicability relating to or affecting creditors' rights and to general equity principles.

### III. COVENANTS

Section 3.1 *Covenants of Seller*. Seller covenants and agrees with Buyer that Seller will:

(a) Use its best efforts to obtain all third party and governmental consents and approvals necessary or desirable to consummate the transactions contemplated hereby; and

(b) Provide Buyer with such instruments of sale, transfer, assignment, conveyance and delivery, in form and substance reasonably satisfactory to Buyer, as are required in order to transfer to Buyer good and marketable title to the Purchased Assets.

Section 3.2  Covenant of Buyer.  Buyer covenants and agrees with Seller that Buyer will use its best efforts to obtain and to cooperate with Seller in obtaining all third party and governmental consents and approvals necessary or desirable to consummate the transactions contemplated hereby.

## IV.  FURTHER ASSURANCES

Seller will execute and deliver such further instruments of conveyance and transfer and take such additional action as Buyer may reasonably request to effect, consummate, confirm or evidence the transfer to Buyer of the Purchased Assets. Seller will execute such documents as may be reasonably necessary to assist Buyer in preserving or perfecting its rights in the Purchased Assets. Buyer will execute such further instruments and take such additional action as may be necessary to effect, consummate, confirm or evidence Buyer's assumption of the Assumed Liabilities.

## V.  MISCELLANEOUS

Section 5.1  Governing Law.  This Agreement and the purchase and sale of assets contained herein shall be governed by and construed in accordance with the laws of the State of New York.

Section 5.2  Amendments and Modifications.  Any of the terms or conditions of this Agreement may be amended or modified in whole or in part by the parties hereto; provided that, no such amendment or modification shall be effective unless it is in writing and signed by the parties hereto.

346-20\agrcon                           -5-

IN WITNESS WHEREOF, the parties hereto have caused this Agreement to be executed by the undersigned thereunto duly authorized as of the date first set forth above.

ATTEST:                                GENERAL SECURITY ASSURANCE
                                       CORPORATION OF NEW YORK

_____                By: _____
Name: Maxine H. Verne                  Name: John T. Andrews, Jr.
Title: Assistant Secretary             Title: Senior Vice President


ATTEST:                                THE UNITY FIRE AND GENERAL
                                       INSURANCE COMPANY

_____                By: _____
Name: Maxine H. Verne                  Name: John T. Andrews, Jr.
Title: Assistant Secretary             Title: Senior Vice President


346-20\agrcon                -6-

Schedule A

U.S. Treasury Notes with a statutory accounting value of $ ~~~~~



EXHIBIT A

## ASSIGNMENT AND ASSUMPTION AGREEMENT

Assignment and Assumption Agreement, dated as of January 1, 1991, between The Unity Fire and General Insurance Company, a New York corporation ("Unity"), and General Security Assurance Corporation of New York, a New York corporation ("General Security").

WHEREAS, Unity and General Security have entered into an Asset Purchase Agreement, dated as of January 1, 1991 (the "Purchase Agreement"), for the purchase by General Security of certain assets of Unity described in the Purchase Agreement (the "Purchased Assets").

NOW, THEREFORE, the parties hereto agree as follows:

1. Unity hereby irrevocably sells, transfers and sets over unto General Security all of Unity's right, title, and interest in the Purchased Assets, including all of Unity's right, title and interest in each contract, lease and agreement to which Unity is a party on the Closing Date, as defined in the Purchase Agreement (the "Assigned Contracts").

2. General Security hereby accepts such assignment and by execution of this Agreement expressly assumes and agrees for the benefit of Unity and all third parties which are parties to any of the Assigned Contracts to perform all covenants, agreements and obligations of Unity under the Assigned Contracts.

3. Any of the terms or conditions of this Agreement may be amended or modified in whole or in part by the

SUS/346-15                      -1-

parties hereto; provided that, no such amendment or modification shall be effective unless it is in writing and signed by the parties hereto.

4. This Agreement and the assignment and assumption contained herein shall be governed by and construed in accordance with the laws of the State of New York.

IN WITNESS WHEREOF, the parties hereto have caused this Agreement to be executed by the undersigned thereunto duly authorized as of the date first set forth above.

THE UNITY FIRE AND GENERAL INSURANCE COMPANY

By: /s/ John T. Andrews
Name: John T. Andrews, Jr.
Title: Senior Vice President

GENERAL SECURITY ASSURANCE CORPORATION OF NEW YORK

By: /s/ John T. Andrews
Name: John T. Andrews, Jr.
Title: Senior Vice President

SUS/346-15                     -2-