IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| CONTINENTAL CASUALTY COMPANY and CONTINENTAL INSURANCE COMPANY,<br><br>Plaintiffs,<br><br>v.<br><br>COMMERCIAL RISK RE-INSURANCE COMPANY, COMMERCIAL RISK REINSURANCE COMPANY LIMITED, GENERAL SECURITY INDEMNITY COMPANY OF ARIZONA, GENERAL SECURITY NATIONAL INSURANCE COMPANY, GIE COLUMBUS, SCOR, and SCOR REINSURANCE COMPANY,<br><br>Defendants. | Case No. 07-6912<br><br>Judge Harry D. Leinenweber<br><br>Magistrate Judge Arlander Keys |

### DECLARATION OF THOMAS D. CUNNINGHAM

I, THOMAS D. CUNNINGHAM, hereby depose and state as follows:

1. I am one of the attorneys representing Plaintiffs in the captioned action. I submit this declaration in support of Plaintiffs' Response to Defendants' Application to Stay. This declaration is made upon personal knowledge and my review of the pertinent documents.

2. Attached hereto as Exhibit A is a true and complete copy of a January 17, 2007 email from Maxine Verne of SCOR to Glenn Rzeszutko of CNA.

3. Attached hereto as Exhibit B is a true and complete copy of a January 31, 2007 email from Dennis Norton of CNA to Maxine Verne of SCOR.

I declare under penalty of perjury that the foregoing is true and correct.

Executed: April 17, 2008
Chicago, Illinois                                             /s/ Thomas D. Cunningham

**From:** Verne, Maxine [MVerne@scor.com]
**Sent:** Wednesday, January 17, 2007 12:09 PM
**To:** Rzeszutko,Glenn L.
**Cc:** Lies,Peter J.; CHARLES Pierre; Blanc, Michel
**Subject:** CNA Commutation

Glenn,

A minor technicality has just come to my attention. As you know, the commutation includes certain contracts originally written by Allstate Re but which were assumed by SCOR Re at the time it acquired the Allstate Re book of business. Since these contracts were never formally novated to SCOR Re, the commutation agreement should have identified Allstate Re as a reinsurer.

There are two alternate ways to deal with this. We could simply enter into a novation agreement between CNA and SCOR Re and Allstate with respect to the Allstate Re contracts (we do have a list) or we could amend the Commutation Agreement to identify Allstate as a reinsurer with respect to the contracts assumed by SCOR Re.

Give me a call whenever you get a chance so we can pick the cleaner approach and get this resolved.

By the way - Happy New Year

Maxine.

*Maxine H. Verne*
212 884-9003
*mverne@scor.com*

*199 Water Street*
*New York, N.Y. 10038*
*Fax 212 480-1329*

*This message is intended for the above-mentioned addressees only. It may contain confidential information the review, dissemination or disclosure of which is strictly prohibited. Should you receive this message in error, please return it to the e-mail address indicated above*


EXHIBIT A

| | |
|---|---|
| From: | Norton,Dennis H. |
| Sent: | Wednesday, January 31, 2007 10:42 AM |
| To: | 'Verne, Maxine' |
| Cc: | Rzeszutko,Glenn L.; Lies,Peter J.; 'CHARLES Pierre'; 'MASSON Bernard' |
| Subject: | Commutation Agreement |

Maxine,

This is in response to your recent e-mail to Glen.

We did not include or consider these Allstate contracts to be part of the commutation when it was being negotiated. We agree with you that the Commutation Agreement does not include any Allstate contracts, since it would have to be amended to include Allstate. Notwithstanding any retrocessionaire role that SCOR has with Allstate, CNA would not be interested in commuting its contracts with Allstate. A similar issue has arisen with respect to two facultative certificates under which United Fire & General Insurance Company reinsures CNA. Unity Fire and General is now known as Unitrin Preferred Insurance Company and is owned by Unitrin. The details of these facultative certificates are provided below. CNA sent two bills to AON in March 2006 for a total amount due under these certificates of $1,774,363.37. We were just told by the broker that SCOR is responsible for these bills and it has denied payment because of the commutation. These certificates are not part of the Commutation Agreement, as it would have to be amended to include Unitrin Preferred Insurance Company, formerly Unity Fire and General Insurance Company. Notwithstanding any retrocessionaire role that SCOR has with Unitrin Preferred Insurance Company, CNA would not be interested in commuting its contracts with Unitrin Preferred.

In both instances, CNA will hold the legal parties to these contracts responsible.

Facultative Reinsurance Recoverable

Reinsurer : Unitrin Preferred Insurance Company (formerly known as Unity Fire and General Insurance Company)
Reinsurance Broker : RFC Intermediaries (AON)
Reinsurance Terms: 16.67% of the $3,000,000 part of $50,000,000 excess of $50,000,000- Expenses prorata and in addition to the limit

Insured name : Minnesota Mining and Manufacturing
Policy Number: SRX2153454
Facultative Certificate Number : A1384U
Policy Dates:  1/1/81-1/1/82
Amount Due: $956,956.59
Date Billed: March 22,2006

Facultative Reinsurance Recoverable

Reinsurer :  Unitrin Preferred Insurance Company (formerly known as Unity Fire and General Insurance Company)
Reinsurance Broker : RFC Intermediaries (AON)
Reinsurance Terms: 16.67% of the $3,000,000 part of $50,000,000 excess of $50,000,000- Expenses prorata and in addition to the limit

Insured name : Minnesota Mining and Manufacturing
Policy Number: SRX319874
Facultative Certificate Number : A2384U
Policy Dates:  1/1/82-1/1/83
Amount Due: $817,406.78
Date Billed: March 22,2006

Please call me if you have any questions.

Dennis



EXHIBIT B

1

Dennis Norton

312-822-4216

2