IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| Continental Casualty Company and Continental Insurance Company, | ) ) ) | |
| Plaintiffs, | ) ) | No. 07-C-6912 |
| v. | ) ) ) | Honorable Judge Harry D. Leinenweber |
| Commercial Risk Re-Insurance Company, Commercial Risk Reinsurance Company Limited, General Security Indemnity Company of Arizona, General Security National Insurance Company, GIE Columbus, SCOR, and SCOR Reinsurance Company | ) ) ) ) ) ) ) ) | Magistrate Judge Arlander Keys |
| Defendants. | ) ) | |

## REPLY BRIEF IN SUPPORT OF APPLICATION TO STAY

After years of presenting its reinsurance claims directly to defendant SCOR Re, Plaintiffs now submit that their claims should be directed to another entity. Why? Because Plaintiffs have instituted an arbitration seeking recovery under agreements it previously commuted. At Plaintiffs' specific instance and demand, they and SCOR Re are participants in arbitration proceedings that have at their core the same issue Plaintiffs present to this Court – are certain reinsurance contracts still enforceable? SCOR Re accepted Plaintiffs' demand for arbitration and this issue now will be presented to a panel of certified arbitrators. There is no basis for Plaintiffs to present the same issue, through the same counsel, for the same party, at the same time, in two different venues. Having elected the remedy of arbitration, consistent with the Federal Arbitration Act and judicial economy, the Court should stay this matter. A stay is the only result that is both consistent with controlling law and preserves judicial resources. Accordingly, Defendants' application should be granted.

In their Response to Defendants' Application For Stay ("Resp. __") Continental Casualty Company and Continental Insurance Company (collectively "Plaintiffs" or "CNA") offer nothing to rebut these facts. Indeed, CNA ignores the very premise of the Application – to stay this action while the merits are resolved in an already pending arbitration. Rather than argue why this litigation should not be stayed to allow an experienced panel of insurance professionals to resolve these issues, CNA devotes a majority of its argument to advocating the conclusion that this issue is not arbitrable at all. (Resp. 8-13). By taking this position, CNA ignores the facts and the glaring reality that it demanded arbitration.

### CNA Ignores Its Course Of Dealing Directly With SCOR

CNA's abrupt about-face on its relationship with SCOR Re reinforces the SCOR Group's contention that it is the successor to the Facultative Certificates. For years CNA submitted claims to SCOR Re for losses incurred on so-called Unity Fire contracts. SCOR Re consistently remitted payment directly to CNA. By way of example, and not limitation:

- On February 12, 2001, CNA sent an invoice to SCOR Re seeking payment for Unity business to "SCOR Reinsurance Company, at Two World Trade Center, 24th fl,. (Unity Fire) New York, NY 10048 Attn: Reinsurance Claims." (emphasis added);

- On February 26, 2003, CNA sent an invoice to SCOR Re directed to "Mr. Kevin Doerschuk, Vice President, Claims Department, SCOR Reinsurance Company (formerly Unity Fire & General Ins.) P.O. Box 4049, 1 Pierce Place – Suite 600W, Itasca, Illinois 60143-4049" (emphasis added);

- On October 10, 2003, CNA sent an invoice to SCOR Re directed to "Mr. Kevin Doerschuk, Vice President, Claims Department, SCOR Reinsurance Company (formerly Unity Fire & General Ins.) P.O. Box 4049, 1 Pierce Place – Suite 600W, Itasca, Illinois 60143-4049" (emphasis added);

- On February, 23, 2004, CNA sent an invoice to SCOR Re directed to "SCOR Reinsurance Company, 199 Water Street 21st Floor, (Unity Fire), New York, NY 10048, Attn: Reinsurance Claims." (emphasis added);

- On May 5, 2005, CNA sent an invoice to SCOR Re directed to "Miss Theresa Brodnan, Technical Operations Department, SCOR Reinsurance Company

2

(formerly <u>Unity Fire & Gen Ins</u>.), P.O. Box 4049, 1 Pierce Place – Suite 600W, Itasca, IL 60143-4049." (emphasis added);

- On May 25, 2006, CNA sent an invoice to SCOR Re directed to "SCOR Reinsurance Company 199 Water Street, 21st Floor (<u>Unity Fire</u>), New York, NY 10048, Attn: Reinsurance Claims." (emphasis added).

Now, despite years of uninterrupted performance by SCOR Re as the direct obligor on these contracts, CNA's purposes are suited to have a different reinsuring party. In a transparent attempt to distance itself from its own acquiescence, CNA now feigns surprise that SCOR Re would consider itself to be the successor to the Facultative Certificates.

### This Is An Action To Collect Money, Not Adjudge A Commutation

No matter how hard CNA tries to show that this case is about the Commutation, it cannot escape the fact that it seeks to enforce reinsurance contracts. Plaintiffs do not seek a declaratory judgment to preempt litigation against them. They do not seek a declaratory judgment to guide their performance under a contract. They do not seek a declaration of their rights. Rather, they are effectively seeking a declaratory judgment to allow CNA to enforce reinsurance contracts. This is the same relief they seek in the pending arbitration. This Court should not allow CNA to hide in the forest by pointing to individual trees. The only issue at stake between the parties is the enforceability of the Facultative Certificates, a matter squarely before the arbitration panel.

### CNA Demanded Arbitration Under The Very Same Contracts In Issue Here

On December 28, 2007, Continental Insurance Company, through its counsel, sent a letter to Unitrin Preferred Insurance Company demanding arbitration with respect to the Facultative Certificates. (Ex. 1) On February 26, 2008, SCOR Re formally agreed to arbitrate the issue as successor in interest to the Facultative Certificates and appointed its arbitrator. (Ex. 2). Parties can always agree to arbitrate an issue. *See, e.g., Place St. Charles v. J.A. Jones Const. Co.*, 823 F.2d 120, 123 (5th Cir. 1987); *see also, Hostmark Investors Ltd. V. Geac Enterprise Solutions,*

*Inc.* No. 01 C 8950, 2002 WL 1732360, *3 (July 26, 2002, N.D. Ill.) (Manning, J.)  It is irrelevant whether the parties agreed to arbitrate pursuant to the arbitration clause in the Facultative Certificates or whether the agreement is a separate arrangement.

However, while irrelevant, it bears mention that CNA's Response brief flies in the face of its recent arbitration demand.  CNA argues that the arbitration provision in the Facultative Certificates is too narrow to include disputes over the enforceability of the Facultative Certificates.  (Resp. 11) ("SCOR's argument [that enforceability is arbitral] would make the parties' contractual obligation to arbitrate limitless…")  Again, it is CNA which demanded arbitration in the first instance and asserted "the Reinsurance Contracts contained a clause requiring arbitration of disputes arising thereunder." (Ex. 1)  Contrary to its assertions that arbitration is inappropriate for enforcement, CNA is seeking an award directing the payment of claims submitted under the Facultative Certificates. (*Id.*)  No amount of circular logic can avoid the conclusion that a proceeding seeking payment under a contract is an action seeking enforcement of a contract.

### Enforceability of The Agreement To Arbitrate Is For The Arbitration Panel To Decide

Plaintiffs assert the Court should decide the issue of arbitrability (Opp 8), but the authority Plaintiffs rely upon belie their argument.  Plaintiffs cite *Howsam v. Dean Witter Reynolds, Inc.*, 537 U.S. 79 (2002) to support their broad assertion that "the question of arbitrability – is an issue for judicial determination." (Opp. 8) (citing *Howsam*, 537 U.S. at 83).[1]  While Plaintiffs invoke a convenient sound-bite, they omit the relevant context.  The Supreme

---

[1] Plaintiffs also cite *First Options of Chicago, Inc. v. Kaplan*, 514 U.S. 938, 943 (1995) for the same proposition.  However, on its face, *First Options* does not address this issue.  The Court explicitly limits its holding to the question of standard of review governing arbitrability decisions.  *Id.* at 942.

4

Court was careful to observe the significant caveat that the "question of arbitrability" has a very limited meaning. *Howsam*, 537 U.S. at 83. As the Court makes clear, questions "'which grow out of the dispute and bear on its final disposition' are presumptively *not* for the judge, but for an arbitrator, to decide.'" *Id.* at 84 (quoting *John Wiley & Sons, Inc. v. Livingston*, 376 U.S. 543, 557 (1964)) (emphasis in original). "So, too, the presumption is that the arbitrator should decide 'allegation[s] of waiver, delay, *or a like defense to arbitrability*.'" *Id.* (quoting *Moses H. Cone Memorial Hosp. v. Mercury Constr. Corp.*, 460 U.S. 1, 24-25 (1983)) (emphasis added).

SCOR Group has consistently maintained the Facultative Certificates were commuted. Plaintiffs have consistently maintained that they were not. Neither party argues that the arbitration clause was invalid when made. To resolve the dispute over the continued validity of the contracts, Plaintiffs demanded arbitration of the issue – which it now claims is not subject to arbitration. SCOR Group accepted the demand and agreed to arbitrate the issue, where it is asserting the affirmative defense of commutation and release. On this factual background, it is the height of circuitous argument to accuse SCOR Group of taking inconsistent positions. There is nothing inconsistent with SCOR Group asserting the defense of commutation in arbitration – after CNA invited the issue in that forum.

### SCOR Group Is Not Seeking To Compel Arbitration

Plaintiffs cite numerous cases to support their theory that the enforceability of the Facultative Certificates cannot be arbitrated. Again, ignoring for the moment it was CNA, and not the SCOR Group, which demanded arbitration, CNA's argument falls flat. CNA does not cite to a single case involving a motion to stay litigation until a parallel arbitration is completed. Rather, every case cited by CNA involves one party to an arbitration agreement attempting to

force arbitration upon an unwilling party.[2]  The holdings of these cases are wholly irrelevant.  The SCOR Group is not attempting to drag CNA into arbitration kicking and screaming.  To the contrary, CNA finds itself in arbitration because that is the remedy it chose.  CNA's buyers' remorse is not the product of SCOR Group's procedural wrangling.  CNA is asking this Court to declare that CNA cannot arbitrate an issue that CNA demanded be arbitrated – and it is trying to place blame for the allegedly improper arbitration with SCOR Group.

**The Court Should Stay This Action**

SCOR Group asks only that this Court stay the instant litigation in relation to the Unity business so the currently pending arbitration can proceed and resolve the issue.  It is entirely rational to stay this action and permit the arbitration to proceed, allowing a panel of experts decide this issue.

It does not matter if the Court stays the action pursuant to the FAA or the Court's inherent authority.  Under either option, the decision is proper.  There is a written agreement to arbitrate between the parties, and there is an arbitration pending.  Consistent with the national policy in favor of arbitration, the fact that CNA demanded arbitration, and that this issue involves complex issues of insurance and reinsurance, it makes eminent sense to stay this action and allow the arbitration to proceed.

---

[2]  *See* Resp. pp. 9-11 (citing *Associated Indem. Corp. v. Home Ins. Co.*, 19 F.3d 1432 (6th Cir. 1994) (unpublished table) (addressing attempt to compel arbitration); *Engineers Assoc. v. Sperry Gyroscope Co.*, 251 F.2d 133, 137 (2d Cir. 1957) (affirming order compelling arbitration); *Argonaut Ins. Co. v. Travelers Ins. Co.*, 744 N.Y.S.2d 24, 25 (N.Y. App. Div. 2002) (action to compel arbitration); *Coady v. Ashcraft & Gebel*, 223 F.3d 1, 10 (1st Cir. 2000) (limiting review to the scope of arbitration panel's authority and not the right to invoke arbitration); *New Hampshire Ins. Co. v. Canali Reins. Co.*, No. 03 Civ. 8889LTSDCF, 2004 WL 769775 (S.D.N.Y. Apr. 12, 2004) (discussing ability of one party to compel arbitration); *American Special Risk Ins. v. Factory Mut. Ins. Co.*, No. 3833 Nov. Term 2004, Control 040372, 2005 WL 1620392 *1 (Pa. Com. Pl. Jun. 30, 2005) (party trying to unilaterally force arbitration);

WHEREFORE, Commercial Risk Re-Insurance Company, Commercial Risk Reinsurance Company Limited, General Security Indemnity Company of Arizona, General Security National Insurance Company, GIE Columbus, SCOR, S.E., and SCOR Reinsurance Company respectfully request that this Court grant their Application to Stay Pending Arbitration, and award such further relief as it deems just and equitable.

Date:  May 13, 2008                     **COMMERCIAL RISK RE-INSURANCE COMPANY, COMMERCIAL RISK REINSURANCE COMPANY LIMITED, GENERAL SECURITY INDEMNITY COMPANY OF ARIZONA, GENERAL SECURITY NATIONAL INSURANCE COMPANY, GIE COLUMBUS, SCOR, AND SCOR REINSURANCE COMPANY,**

By:  /s/Michael C. Kasdin
One of their attorneys

Stephen W. Schwab  (ARDC # 6183518)
Carl H. Poedtke III   (ARDC # 6237886)
Michael C. Kasdin    (ARDC # 6283200)
**DLA PIPER US LLP**
203 North LaSalle Street
Suite 1900
Chicago, IL 60601
Tel (312) 368-4000
Fax (312) 236-7516

---

*Florida Dept. of Ins. v. World Re, Inc.*, 615 So. 2d 267, 270 (Fla. Dist. Ct. App. 1993) (action to compel arbitration in the face of a defense of fraud in the inducement).