IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| Continental Casualty Company and Continental Insurance Company, | ) ) ) | |
| Plaintiffs, | ) ) | No. 07-C-6912 |
| v. | ) ) ) | Honorable Judge Harry D. Leinenweber |
| Commercial Risk Re-Insurance Company, Commercial Risk Reinsurance Company Limited, General Security Indemnity Company of Arizona, General Security National Insurance Company, GIE Columbus, SCOR, and SCOR Reinsurance Company | ) ) ) ) ) ) ) ) | Magistrate Judge Arlander Keys |
| Defendants. | ) | |

**DEFENDANTS' MOTION FOR ENTRY OF AN
ORDER PURSUANT TO LOCAL RULE 26.2 AND FED. R. CIV. P. 26(c)**

Defendants Commercial Risk Re-Insurance Company, Commercial Risk Reinsurance Company Limited, General Security Indemnity Company of Arizona, General Security National Insurance Company, GIE Columbus, SCOR S.E., and SCOR Reinsurance Company (collectively "SCOR Group") hereby present their motion for entry of a restricting order, and in support thereof state as follows:

1.   In their Reply Brief in Support of Application to Stay, SCOR Group refers to communications between the Plaintiffs' reinsurance brokers and SCOR Re. [Doc. No. 48 pp. 2-3]

2.   These communications are highly confidential, are marked as confidential, and contain private and proprietary claims and reinsurance information, including material marked as privileged. (*See* Ex. A provided for *in camera* review). These communications contain sensitive and confidential business secrets, the disclosure of which could cause material harm.

1

3. The public has no need to know the specifics of these communications, which concern reinsurance program participation, underlying insurance programs, claimant losses, insurance claims, and confidential financial data. Thus, designating these materials as "Restricted Documents" pursuant to Local Rule 26.1(a) is no threat to the fundamental concept of open courts.

4. The SCOR Group seeks to supplement its Reply Brief with these actual documents as exhibits, and Plaintiffs and SCOR Group agree that these documents are highly confidential and should be kept under seal.

5. Local Rule 26.2 provides, "[t]he court may on written motion and for good cause shown enter an order directing that one or more documents be restricted." L.R. 26.2.

6. Federal Rule of Civil Procedure 26(c) provides that this Court may enter an order requiring "that the disclosure or discovery may be had only on specified terms and conditions;" "that certain matters not be inquired into, or that the scope of the disclosure or discovery be limited to certain matters;" and "that a trade secret or other confidential … commercial information not be revealed or be revealed only in a designated way." F.R.C.P. 26(c) ¶¶ (2), (4), and (7).

7. As demonstrated above, SCOR Group has shown that these communications are confidential and that they should be protected from further disclosure and dissemination. Plaintiffs agree.

FOR EACH OF THESE REASONS, Defendants Commercial Risk Re-Insurance Company, Commercial Risk Reinsurance Company Limited, General Security Indemnity Company of Arizona, General Security National Insurance Company, GIE Columbus, SCOR S.E., and SCOR Reinsurance Company requests that this Court enter an Order: (i) designating

the communications between Plaintiffs' reinsurance brokers and SCOR Re dated February 12, 2001; February 26, 2003; October 20, 2003; February 23, 2004; May 25, 2005; May 25, 2006; and all attachements, enclosures, addenda and exhibits to these documents, true and correct copies of which are attached hereto as Exhibit A and provided for *in camera* review, as "Restricted Documents"; (ii) restricting access to the Restricted Documents to the current parties, counsel for the current parties, and experts and consultants serving at the behest of counsel for the current parties; and (iii) barring dissemination of these documents without leave of Court pursuant to F.R.C.P. 26(c).

Date: June 30, 2008          By: /s/Michael C. Kasdin
                                One of their attorneys
                                Stephen W. Schwab (ARDC # 6183518)
                                Carl H. Poedtke III (ARDC # 6237886)
                                Michael C. Kasdin (ARDC # 6283200)
                                **DLA PIPER US LLP**
                                203 North LaSalle Street
                                Suite 1900
                                Chicago, IL 60601
                                Tel (312) 368-4000
                                Fax (312) 236-7516

**CERTIFICATION OF GOOD FAITH**

     I hereby certify that I have conferred with counsel for Plaintiffs in good faith in an attempt to resolve any objection to the relief requested pursuant to FRCP 26(c) and LR 26.2.

                                                 s/ Michael C. Kasdin