**UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF ILLINOIS**

| | |
|---|---|
| CONTINENTAL CASUALTY COMPANY and CONTINENTAL INSURANCE COMPANY, ) ) ) Plaintiffs, ) ) v. ) ) COMMERCIAL RISK RE-INSURANCE COMPANY, ) COMMERCIAL RISK REINSURANCE COMPANY ) LIMITED, GENERAL SECURITY INDEMNITY ) COMPANY OF ARIZONA, GENERAL SECURITY ) NATIONAL INSURANCE COMPANY, GIE ) COLUMBUS, SCOR, and SCOR REINSURANCE ) COMPANY, ) ) Defendants. ) | Case No. 07-6912<br><br>Judge Leinenweber<br><br>Magistrate Judge Keys |

**MOTION FOR LEAVE TO FILE**
**DECLARATION OF ERIC J. BYRD**

Plaintiffs ("CNA") hereby seek leave to file the annexed declaration of Eric J. Byrd in further support of their response to Defendants' application to stay ("Response"). In support of its motion, CNA states as follows:

CNA's Response quoted from the arbitration clause from one of the facultative reinsurance contracts issued by The Unity Fire and General Insurance Company to The Continental Insurance Company (*e.g.*, Response at 9), but did not attach a copy of that contract. CNA now seeks leave to supplement its Response with a copy of that contract, a true and accurate copy of which is attached as Exhibit 1 to the Declaration of Eric J. Byrd, annexed hereto. The Defendants will not be prejudiced if the Court grants this Motion, as the pertinent information from the contract was contained in CNA's Response and CNA has previously provided a copy of the contract to Defendants.

WHEREFORE, CNA respectfully requests that this Court grant its motion for leave to file, and award such further relief as it deems just and equitable.

DATED: July 3, 2008      By:   /s/ Thomas D. Cunningham

William M. Sneed
Thomas D. Cunningham
Serena B. Lee
**SIDLEY AUSTIN LLP**
One South Dearborn Street
Chicago, Illinios 60603
312-853-7000

Attorneys for Plaintiffs Continental Casualty Company and Continental Insurance Company

CH1 4329778v.1

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| CONTINENTAL CASUALTY COMPANY and CONTINENTAL INSURANCE COMPANY, <br><br> Plaintiffs, <br><br> v. <br><br> COMMERCIAL RISK RE-INSURANCE COMPANY, COMMERCIAL RISK REINSURANCE COMPANY LIMITED, GENERAL SECURITY INDEMNITY COMPANY OF ARIZONA, GENERAL SECURITY NATIONAL INSURANCE COMPANY, GIE COLUMBUS, SCOR, and SCOR REINSURANCE COMPANY, <br><br> Defendants. | Case No. 07-6912 <br><br> Judge Harry D. Leinenweber <br><br> Magistrate Judge Arlander Keys |

## DECLARATION OF ERIC J. BYRD

I, ERIC J. BYRD, hereby depose and state as follows:

1. I am a Claims Consultant at Continental Casualty Company, one of the Plaintiffs in the above styled action. I reside in the State of Illinois and am over 18 years of age. I submit this declaration in support of Plaintiffs' Response to Defendants' Application to Stay.

2. This declaration is made upon personal knowledge and my review of documents kept in the ordinary course of business at my place of employment. If called, I would be willing and able to testify to and in accord with the facts set forth herein and believe that I could do so competently, to the best of my knowledge, information and recollection.

3. Attached hereto as <u>Exhibit 1</u> is a true and complete copy of facultative certificate No. A2384-U, effective January 1, 1982 to January 1, 1983, issued by "The Unity Fire and General Insurance Company" to "The Continental Insurance Company" in favor of policy no. SRX 3196874 issued to Minnesota Mining and Manufacturing Company.

2

I declare under penalty of perjury that the foregoing is true and correct.

    Executed on June 27, 2008
    Chicago, Illinois

                                                                 Eric J. Byrd

☒ THE UNITED FIRE AND GENERAL INSURANCE COMPANY
☐ THE GENERAL SECURITY ASSURANCE CORPORATION OF NEW YORK



127 JOHN STREET
NEW YORK, N.Y. 10038



**CASUALTY FACULTATIVE REINSURANCE CERTIFICATE NUMBER**

**A 2384-U**

RFC Intermediaries Inc.
230 West Monroe St. (Suite 350)
Chicago, IL 60606
ATTENTION: Lonna Bieniek

THE REINSURER DESIGNATED ABOVE, IN CONSIDERATION OF THE PAYMENT OF PREMIUMS, STATEMENTS CONTAINED IN THE DECLARATIONS AND SUBJECT TO THE TERMS AND GENERAL CONDITIONS OF THIS CERTIFICATE, DOES HEREBY REINSURE:

| CEDING COMPANY | The Continental Insurance Company | INTERMEDIARY | RFC Intermediaries Inc. |
|---|---|---|---|
| NAME OF INSURED | Minnesota Mining and Manufacturing Company | LOCATION | St. Paul, MN |
| COMPANY POLICY NUMBER | SRX 3 19 68 74 | POLICY PERIOD | 1/1/82 TO 1/1/83 |

| SECTION A — DESCRIPTION OF CEDING COMPANY POLICY | Excess Commercial Umbrella Liability |
|---|---|
| SECTION B — POLICY LIMITS | $3,000,000 each occurrence and aggregate part of $50,000,000 each occurrence and aggregate excess of $50,000,000 each occurrence and aggregate excess of primary. |
| SECTION C — COMPANY RETENTION | 16 2/3% ($500,000) of the limit stated in Section B. |
| SECTION D — REINSURANCE ACCEPTED | 16 2/3% ($500,000) of the limit stated in Section B. |
| SECTION E — REINSURANCE BASIS | ☒ PRO-RATA   ☐ EXCESS OF LOSS |
| SECTION F — REINSURANCE PERIOD | 1/1/82 TO 1/1/83 |

| PAYMENTS | COMPANY GROSS | REINSURER GROSS | COMMISSION | NET DUE REINSURER |
|---|---|---|---|---|
| AT INCEPTION | $ | $ 2,000.00 | 27.5 % | $ 1,450.00 |
| | $ | $ | % | $ |
| | $ | $ | % | $ |
| TOTALS | $ | $ | | $ |

PREMIUM ADJUSTMENT
AUDIT FREQUENCY:    PREM. BASE:    EST. EXP.:    RATE:
MINIMUM PREMIUM    FOR REINSURANCE PERIOD: $    FOR CERTIFICATE: $ 500.00

It is agreed that Condition 8 (cancellation) is amended to read Sixty (60) days except for non-payment of premium.

/kg  3/10/82
DATE

**EXHIBIT 1**

OK ᴅꜱ

*John W. Gates III*
AUTHORIZED REPRESENTATIVE
OR CHIEF AGENT

000

## GENERAL CONDITIONS

1. **REINSURER'S LIABILITY:** The Reinsurer's liability under this Casualty Facultative Reinsurance Certificate, ("Certificate") shall follow the ceding Company's ("Company") liability in accordance with the terms and conditions of the policy reinsured hereunder except with respect to those terms and/or conditions as may be inconsistent with the terms of this Certificate. It shall be the duty of the Company to notify the Reinsurer, promptly, of any changes in the policy reinsured hereunder. Notwithstanding the foregoing, the Reinsurer and the Company hereby agree that the reinsurance hereunder is subject to the (a) Standard War Exclusion Clause or Clauses; (b) Nuclear Exclusion Clause-Physical Damage-Reinsurance; and (c) Nuclear Exclusion Clause-Liability-Reinsurance.

2. **RETENTION:** The Company warrants that it shall retain for its own account, subject to treaty reinsurance only, if any, the amount specified on the face of this Certificate.

3. **CLAIMS:** (a) The Company agrees that it will promptly investigate and will settle or defend all claims under the policy reinsured hereunder and that it will notify the Reinsurer promptly of any event or development which the Company reasonably believes might result in a claim against the Reinsurer. The Company further agrees to forward to the Reinsurer copies of such pleadings and reports of investigations as are pertinent to the claim and/or as may be requested by the Reinsurer.
(b) The Reinsurer shall have the right at its own expense to be associated with the Company in the defense or control of any claim, suit or proceeding involving or which may involve the reinsurance provided under this Certificate and the Company and the Reinsurer agree to cooperate in every respect in the defense and control of each such claim, suit or proceeding.
(c) Upon receipt by the Reinsurer of satisfactory evidence of payment of a loss for which reinsurance is provided hereunder, the Reinsurer shall promptly reimburse the Company for its share of the loss and loss expense, subject to paragraph 5 of these General Conditions.
(d) The term "loss" shall mean only such amounts as are actually paid by the Company in settlement of claims or in satisfaction of awards or judgments. The term "loss" shall not include loss expenses.
(e) The Reinsurer's liability for its proportion of a "loss" incurred by the Company shall be determined as follows: (i) if the reinsurance provided hereunder is on an excess of loss basis the Reinsurer shall be liable for its excess proportion of a "loss," after application of the Company's retention and any reinsurance, excess or pro rata, inuring to the benefit of the Reinsurer; (ii) if the reinsurance provided hereunder is on a pro rata basis, the Reinsurer shall be liable for its proportion of a "loss," after application of any reinsurance, excess or pro rata, inuring to the benefit of the Reinsurer.
(f) The term "loss expense" shall mean all expenses incurred in the investigation, adjustment, settlement or litigation of claims, awards of judgments, including the salaries of the Company's staff adjusters but excluding the office expenses of the Company and the salaries and expenses of all other employees of the Company.
(g) The Reinsurer's liability for its proportion of "loss expense" incurred by the Company shall be determined as follows: (i) if the reinsurance provided hereunder is on an excess of loss basis, the Reinsurer's proportion of the "loss expense" shall be in the same ratio as its share of the "loss" bears to the total amount of such "loss;" (ii) if the reinsurance provided hereunder is on a pro rata basis, the Reinsurer's proportion of the "loss expense" shall be in the same ratio as the Reinsurer's limit of liability bears to the Company's gross limit of liability under the policy reinsured.
(h) The Company shall pay or credit the Reinsurer with its proportion of salvages (i.e. recoveries or reimbursements made or obtained by the Company), after deducting the cost of obtaining such salvage. The cost of obtaining such salvage shall include salaries and expenses of the Company's staff adjusters but shall exclude the office expenses or salaries and expenses of all other employees of the Company. If the reinsurance provided hereunder is on an excess of loss basis, salvage shall be applied in the inverse order in which liability attached; otherwise salvage shall be applied proportionately.

4. **INSPECTION:** The Company shall place at the disposal of the Reinsurer and the Reinsurer shall have the right to inspect through its authorized representatives, at all reasonable times during the currency of this Certificate and thereafter, the books, records and papers of the Company pertaining to the reinsurance provided hereunder and all claims made in connection therewith.

5. **INSOLVENCY:** The reinsurance provided by this Certificate shall be payable by the Reinsurer directly to the Company or to its liquidator, receiver or statutory successor on the basis of the liability of the Company under the policy reinsured without diminution because of the insolvency of the Company. In the event of the insolvency of the Company the liquidator, receiver or statutory successor of the Company shall give written notice of the pendency of each claim against the Company on the policy reinsured hereunder within a reasonable time after such claim is filed in the insolvency proceeding; and during the pendency of such claim the Reinsurer may investigate such claim and interpose at its own expense in the proceeding where such claim is to be adjudicated any defense or defenses which it may deem available to the Company, its liquidator, receiver or statutory successor. The expense thus incurred by the Reinsurer shall be chargeable subject to court approval against the insolvent company as part of the expense of liquidation to the extent of such proportionate share of the benefit which may accrue to the Company solely as the result of the defense undertaken by the Reinsurer. The reinsurance shall be payable as hereinbefore in this paragraph provided except (a) where the certificate specifically provides another payee of such reinsurance in the event of the insolvency of the Company and (b) where the Reinsurer with the consent of the direct insured has assumed such policy obligations of the Company as direct obligations of the Reinsurer to the payee under such policy and in substitution for the obligations of the Company to such payee.

6. **OFFSET:** Each party hereto shall have and may exercise at any time and from time to time, the right to offset any balance or balances whether on account of premiums or on account of losses or otherwise, due from such party to the other (or, if more than one, any other) party hereto under this Certificate or under any other reinsurance certificate or agreement heretofore or hereafter entered into by and between them, and may offset the same against any balance or balances due or to become due to the former from the latter under the same or any other reinsurance certificate or agreement between them, and the party asserting the right of offset shall have and may exercise such right whether the balance or balances due or to become due to such party from the other are on account of premiums or on account of losses or otherwise and regardless of the capacity, whether as assuming insurer or as ceding insurer, in which each party acted under the certificate or agreement or, if more than one, the different certificates and agreements involved; provided, however, that, in the event of the insolvency of a party hereto, offsets shall only be allowed in accordance with the provisions of Section 538 of the Insurance Law of the State of New York.

7. **ARBITRATION:** Should an irreconcilable difference of opinion arise as to the interpretation of the Contract, it is hereby mutually agreed that, as a condition precedent to any right of action hereunder, such difference shall be submitted to arbitration, one arbiter to be chosen by the Company, one by the Reinsurer, and an umpire to be chosen by the two arbiters before they enter upon arbitration. In the event that either party should fail to choose an arbiter within sixty days following a written request by the other party to enter upon arbitration, the requesting party may choose two arbiters who shall in turn choose an umpire before entering upon arbitration. Each party shall present its case to the arbiters within sixty days following the date of their appointment. The decision of the arbiters shall be final and binding upon both parties, but failing to agree they shall call in the umpire and the decision of the majority shall be final and binding upon both parties. Each party shall bear the expense of its own arbiter, and shall jointly and equally bear with the other the expense of the umpire and of the arbitration. In the event that the two arbiters are chosen by one party, as above provided, the expense of the arbiters, the umpire, and the arbitration shall be equally divided between the two parties.
Any such arbitration shall take place at New York, N.Y., unless some other location is mutually agreed upon by the two parties in interest.

8. **CANCELLATION:** If the Company cancels the policy or policies reinsured hereunder, said cancellation shall automatically cancel this reinsurance effective the same date and on the same basis as the policy or policies of the Company. This certificate may be canceled by either party's giving not less than thirty days notice in writing by registered mail to the other party. If canceled by the Company without simultaneous cancellation of the Company's policy, adjustment of premium shall be on a short rate basis.

9. **MISCELLANEOUS:** The terms of this Certificate shall not be waived, amended or in any way modified unless such waiver, amendment or modification is contained in an endorsement to this Certificate, executed by a duly authorized representative of the Reinsurer. Assignment of this Certificate shall not be valid except with the written consent of the Reinsurer.

10. **TAXES:** The Company will be liable for all taxes on premiums ceded to the Reinsurer under this Certificate.

11. **PRIOR ACCEPTANCE:** If this Reinsurance attaches prior to the date of acceptance, the Company warrants that there are no known or reported losses which might be recoverable under this Certificate as of the date this reinsurance is accepted.

IN WITNESS WHEREOF THE REINSURER has caused this Certificate, and any endorsements thereto, to be signed by its President and Secretary, but same shall not be binding upon the Reinsurer unless countersigned by an authorized representative or chief agent of the Reinsurer.

THE UNITY FIRE AND GENERAL INSURANCE COMPANY
THE GENERAL SECURITY ASSURANCE CORPORATION OF NEW YORK



127 JOHN STREET
NEW YORK, N.Y. 10038



RFC Intermediaries Inc.
230 West Monroe St. (Suite 350)
Chicago, IL 60606
ATTENTION: Lonna Bieniek

A-2384-U

1

1/1/82    1/1/83

SRX 3 19 68 74

| | The Continental Insurance Company | | RFC Intermediaries Inc. |
| | Minnesota Mining and Manufacturing Company | | St. Paul, MN |

The following clause is added to this Certificate:

Intermediary Clause
It is understood and agreed that:
Payments by the Reinsured to the Intermediary shall
be deemed to constitute payment to the Reinsurer.
Payments by the Reinsurer to the Intermediary shall
be deemed to constitute payment to the Reinsured only
to the extent that such payments are actually received
by the Reinsured.

☐ ADDITIONAL PREMIUM   ☐ (RETURN PREMIUM)

| | | | | |
|---|---|---|---|---|
| AT INCEPTION | $ | $ | % | $ |
| | $ | $ | % | $ |
| | $ | $ | % | $ |
| TOTALS | $ | $ | | $ |

ALL OTHER TERMS AND CONDITIONS REMAIN UNCHANGED

IN WITNESS WHEREOF THE REINSURER DESIGNATED ABOVE HAS CAUSED THIS ENDORSEMENT TO BE SIGNED BY ITS PRESIDENT AND SECR
AND IT SHALL BECOME VALID AND BINDING WHEN SIGNED BY A DULY AUTHORIZED REPRESENTATIVE OR CHIEF AGENT.

SECRETARY
RAK/kg    3/10/82
DATE

PRESIDENT
AUTHORIZED REPRESENTATIVE
OR CHIEF AGENT

CFD 1001