**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

| | | |
|---|---|---|
| Continental Casualty Company and Continental Insurance Company, | ) ) ) | |
| Plaintiffs, | ) ) | No. 07-C-6912 |
| v. | ) ) ) | Honorable Judge Harry D. Leinenweber |
| Commercial Risk Re-Insurance Company, Commercial Risk Reinsurance Company Limited, General Security Indemnity Company of Arizona, General Security National Insurance Company, GIE Columbus, SCOR, and SCOR Reinsurance Company | ) ) ) ) ) ) ) ) | Magistrate Judge Arlander Keys |
| Defendants. | ) | |

**DEFENDANTS' MOTION FOR ENTRY OF AN
ORDER PURSUANT TO LOCAL RULE 26.2 AND FED. R. CIV. P. 26(c)**

Defendants Commercial Risk Re-Insurance Company, Commercial Risk Reinsurance Company Limited, General Security Indemnity Company of Arizona, General Security National Insurance Company, GIE Columbus, SCOR S.E., and SCOR Reinsurance Company (collectively "SCOR Group") hereby present their motion for entry of a restricting order, and in support thereof state as follows:

1.  In their Reply Brief in Support of Application to Stay, SCOR Group refers to communications between the Plaintiffs' reinsurance brokers and SCOR Re. [Doc. No. 48 pp. 2-3].

2.  Certain other correspondence dated October 11, 2006 is directly from the Plaintiffs' ceded reinsurance department to SCOR Re discussing SCOR Re's obligations to remit payment to Plaintiffs for the reinsurance contracts at issue in this litigation. This communication further describes these contracts as obligations of SCOR Re.

1

3. These communications are relevant to the SCOR Group's defense in that they support the notion that Plaintiffs have long considered SCOR Re the direct obligor on these contracts, and that these contracts were commuted.

4. This communication is highly confidential and contains private and proprietary claims and reinsurance information. (*See* Ex. A provided for *in camera* review). This communication also contains sensitive and confidential business secrets, the disclosure of which could cause material harm.

5. The public has no need to know the specifics of this communication, which concerns reinsurance program participation, underlying insurance programs, claimant losses, insurance claims, and confidential financial data. Thus, designating these materials as "Restricted Documents" pursuant to Local Rule 26.1(a) is no threat to the fundamental concept of open courts.

6. The SCOR Group seeks to supplement its Reply Brief with this actual document as an exhibit, and the highly confidential nature of this document dictates that it remain under seal.

7. Local Rule 26.2 provides, "[t]he court may on written motion and for good cause shown enter an order directing that one or more documents be restricted." L.R. 26.2.

8. Federal Rule of Civil Procedure 26(c) provides that this Court may enter an order requiring "that the disclosure or discovery may be had only on specified terms and conditions;" "that certain matters not be inquired into, or that the scope of the disclosure or discovery be limited to certain matters;" and "that a trade secret or other confidential … commercial information not be revealed or be revealed only in a designated way." F.R.C.P. 26(c) ¶¶ (2), (4), and (7).

9.      As demonstrated above, SCOR Group has shown that this communication is confidential and that it should be protected from further disclosure and dissemination.

FOR EACH OF THESE REASONS, Defendants Commercial Risk Re-Insurance Company, Commercial Risk Reinsurance Company Limited, General Security Indemnity Company of Arizona, General Security National Insurance Company, GIE Columbus, SCOR S.E., and SCOR Reinsurance Company requests that this Court enter an Order: (i) designating the October 11, 2006 communication directly from Plaintiff to SCOR Re, a true and correct copy of which is attached hereto as Exhibit A and provided for *in camera* review, as a "Restricted Document"; (ii) restricting access to the Restricted Document to the current parties, counsel for the current parties, and experts and consultants serving at the behest of counsel for the current parties; and (iii) barring dissemination of these documents without leave of Court pursuant to F.R.C.P. 26(c).

Date: July 21, 2008

By:   /s/Michael C. Kasdin
      One of their attorneys
Stephen W. Schwab  (ARDC # 6183518)
Carl H. Poedtke III   (ARDC # 6237886)
Michael C. Kasdin   (ARDC # 6283200)
**DLA PIPER US LLP**
203 North LaSalle Street
Suite 1900
Chicago, IL 60601
Tel (312) 368-4000
Fax (312) 236-7516