IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| CONTINENTAL CASUALTY COMPANY and CONTINENTAL INSURANCE COMPANY,<br><br>    Plaintiffs,<br><br>v.<br><br>COMMERCIAL RISK RE-INSURANCE COMPANY, COMMERCIAL RISK REINSURANCE COMPANY LIMITED, GENERAL SECURITY INDEMNITY COMPANY OF ARIZONA, GENERAL SECURITY NATIONAL INSURANCE COMPANY, GIE COLUMBUS, SCOR, and SCOR REINSURANCE COMPANY,<br><br>    Defendants. | Case No. 07-6912<br><br>Judge Harry D. Leinenweber<br><br>Magistrate Judge Arlander Keys |

**PLAINTIFFS' RESPONSE TO DEFENDANTS' MOTION FOR ORDER
PURSUANT TO LOCAL RULE 26.2 AND FED. R. CIV. P. 26(C)**

    Plaintiffs ("CNA") submit this response to Defendants' ("SCOR") motion for entry of an order pursuant to Local Rule 26.2 and Fed. R. Civ. P. 26(c) ("SCOR's Motion").

    1.    SCOR's Motion seeks leave to designated as a "Restricted Document" an October 11, 2006 letter sent from Walt Giblin of CNA to Carol Harrison-Arnold of SCOR Re on a reinsurance billing regarding the breast implant claim of Minnesota Mining & Manufacturing ("MMM").

    2.    SCOR claims this letter describes the referenced contracts as "obligations of SCOR Re" and that this letter is relevant to SCOR's defense that CNA "has long considered SCOR Re the direct obligor" on the Unity Fire facultative certificates.

    3.    To the extent the Court is inclined to consider SCOR's belated submission, then in the interests of equity and pursuant to Federal Rule of Evidence 106, we ask that the Court

also consider two additional documents, which are attached as Exhibits A and B to the accompanying Plaintiff' Motion for Order Pursuant to Local Rule 26.2 and Fed. R. Civ. P. 26(c).

4. <u>Exhibit A</u> thereto is the first page of a March 22, 2006 original reinsurance billing from Walt Giblin of CNA respecting the MMM breast implant claim. It is addressed to the broker (Aon) and to Allstate; not to SCOR.

5. <u>Exhibit B</u> thereto is a September 22, 2006 email exchange between Mr. Giblin and Aon. In it, Mr. Giblin asks Aon "Do you know how I can contact <u>Unity</u> on the state of payment of $1,774,363 due on MMM. Do you have an address for them." (emphasis added).

6. Aon responds with the name of Carol Harrison-Arnold of SCOR, to whom Mr. Giblin sends his October 11, 2006 letter.

7. Thus, Mr. Giblin's initial billing went to the broker, his follow up asked for payment from "Unity" and Ms. Harrison-Arnold's information was given to him by the broker.

8. The September 22, 2006 email exchange shows a carbon copy to SCOR, yet it was not included with the materials SCOR seeks to bring before this Court.

FOR THE REASONS SET FORTH HEREIN, if the Court is inclined to grant SCOR's Motion, we ask that it also grant Plaintiff's motion for entry of a restricting order.

DATED: July 24, 2008

By: /s/ Serena B. Lee

William M. Sneed
Thomas D. Cunningham
Serena B. Lee
**SIDLEY AUSTIN LLP**
One South Dearborn Street
Chicago, Illinois 60603
312-853-7000

Attorneys for Plaintiffs Continental Casualty Company and Continental Insurance Company

2

CH1 4351861v.1