## UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| CONTINENTAL CASUALTY COMPANY and CONTINENTAL INSURANCE COMPANY, | ) ) ) |
| Plaintiffs, | ) ) |
| | ) Case No. 07-6912 |
| v. | ) |
| | ) Hon. Harry D. Leinenweber |
| COMMERCIAL RISK RE-INSURANCE COMPANY, COMMERCIAL RISK REINSURANCE COMPANY LIMITED, GENERAL SECURITY INDEMNITY COMPANY OF ARIZONA, GENERAL SECURITY NATIONAL INSURANCE COMPANY, GIE COLUMBUS, SCOR, and SCOR REINSURANCE COMPANY, | ) ) Magistrate Judge Arlander Keys ) ) ) ) ) ) |
| Defendants. | ) ) |

## PLAINTIFFS' MOTION FOR ENTRY OF AN
## ORDER PURSUANT TO LOCAL RULE 26.2 AND FED. R. CIV. P. 26(c)

Plaintiffs ("CNA") hereby present their motion for entry of an order pursuant to Local Rule 26.2 and Fed. R. Civ. P. 26(c).

1.    On July 21, 2008, Defendants ("SCOR") filed a motion seeking leave to designate as a "Restricted Document" an October 11, 2006 letter sent from Walt Giblin of CNA to Carol Harrison-Arnold of SCOR Re on a reinsurance billing regarding the breast implant claim of Minnesota Mining & Manufacturing ("MMM").

2.    SCOR claims this letter describes the referenced contracts as "obligations of SCOR Re" and that this letter is relevant to SCOR's defense that CNA "has long considered SCOR Re the direct obligor" on the Unity Fire facultative certificates.

3.      To the extent the Court is inclined to consider SCOR's belated submission, then in the interests of equity and pursuant to Federal Rule of Evidence 106, CNA requests that the Court also consider two additional documents, which are attached hereto as Exhibits A and B.

4.      Exhibit A is the first page of a March 22, 2006 original reinsurance billing from Walt Giblin of CNA respecting the MMM breast implant claim.  It is addressed to the broker (Aon) and to Allstate; not to SCOR.

5.      Exhibit B is a September 22, 2006 email exchange between Mr. Giblin and Aon. In it, Mr. Giblin asks Aon "Do you know how I can contact Unity on the state of payment of $1,774,363 due on MMM.  Do you have an address for them."  (emphasis added).

6.      Aon responds with the name of Carol Harrison-Arnold of SCOR, to whom Mr. Giblin sends his October 11, 2006 letter.

7.      Thus, Mr. Giblin's initial billing went to the broker, his follow up asked for payment from "Unity" and Ms. Harrison-Arnold's information was given to him by the broker.

8.      The September 22, 2006 email exchange shows a carbon copy to SCOR, yet it was not included with the materials SCOR seeks to bring before this Court.

9.      These communications are highly confidential and contain private and proprietary claims and reinsurance information. (*See* Exhibits A and B provided for *in camera* review). These communications also contain sensitive and confidential business secrets, the disclosure of which could cause material harm.

10.      The public has no need to know the specifics of these communications, which concerns reinsurance program participation, underlying insurance programs, claimant losses, insurance claims, and confidential financial data.  Thus, designating these materials as "Restricted Documents" pursuant to Local Rule 26.1(a) is no threat to the fundamental concept

of open courts.

11.    Local Rule 26.2 provides, "[t]he court may on written motion and for good cause shown enter an order directing that one or more documents be restricted." L.R. 26.2.

12.    Federal Rule of Civil Procedure 26(c) provides that this Court may enter an order requiring "that the disclosure or discovery may be had only on specified terms and conditions;" "that certain matters not be inquired into, or that the scope of the disclosure or discovery be limited to certain matters;" and "that a trade secret or other confidential … commercial information not be revealed or be revealed only in a designated way." F.R.C.P. 26(c) ¶¶ (2), (4), and (7).

13.    As demonstrated above, CNA has shown that these communications are confidential and that they should be protected from further disclosure and dissemination.

FOR EACH OF THESE REASONS, CNA requests that this Court enter an Order: (i) designating the March 22, 2006 original reinsurance billing from Walt Giblin of CNA respecting the MMM breast implant claim and the September 22, 2006 email exchange between Mr. Giblin and Aon, attached hereto as Exhibits A and B and provided for *in camera* review, as "Restricted Documents"; (ii) restricting access to the Restricted Documents to the current parties, counsel for the current parties, and experts and consultants serving at the behest of counsel for the current parties; and (iii) barring dissemination of these documents without leave of Court pursuant to F.R.C.P. 26(c).

DATED:  July 24, 2008                    By:    /s/ Serena B. Lee

                                                        William M. Sneed
                                                        Thomas D. Cunningham
                                                        Serena B. Lee
                                                        **SIDLEY AUSTIN LLP**

One South Dearborn Street
Chicago, Illinois 60603
312-853-7000

Attorneys for Plaintiffs Continental Casualty
Company and Continental Insurance Company

CH1 4351748v.1