# UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| CONTINENTAL CASUALTY COMPANY and<br>CONTINENTAL INSURANCE COMPANY,<br><br>        Plaintiffs,<br><br>   v.<br><br>COMMERCIAL RISK RE-INSURANCE COMPANY,<br>COMMERCIAL RISK REINSURANCE COMPANY<br> LIMITED, GENERAL SECURITY INDEMNITY<br>COMPANY OF ARIZONA, GENERAL SECURITY<br>NATIONAL INSURANCE COMPANY, GIE<br>COLUMBUS, SCOR, and SCOR REINSURANCE<br>COMPANY,<br><br>        Defendants. | )<br>)<br>)<br>)<br>)<br>)  Case No. 07-6912<br>)<br>)  Hon. Harry D. Leinenweber<br>)<br>)  Magistrate Judge Arlander Keys<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) |

## ORDER DESIGNATING RESTRICTED DOCUMENTS

This matter having come before this Court on the Motion of Plaintiffs ("CNA") for entry of a Restricting Order, the Court finds as follow:

1)      All parties of record have received due notice;

2)      CNA has shown good cause that the March 22, 2006 original reinsurance billing from Walt Giblin of CNA respecting the MMM breast implant claim and the September 22, 2006 email exchange between Mr. Giblin and Aon, should be designated "Restricted Documents" as that term is defined in Local Rule 26.2(a);

It is hereby ORDERED:

1)      The March 22, 2006 original reinsurance billing from Walt Giblin of CNA respecting the MMM breast implant claim and the September 22, 2006 email exchange between

Mr. Giblin and Aon, are designated "Restricted Documents" as that term is defined in Local Rule 26.2(a);

2)      The only persons who may have access to this document or the confidential information therein without further leave of this Court are:

i.      Counsel for the parties to this action, and members of their staff as required to assist counsel;

ii.     Experts and consultants retained by counsel for the parties to this action to assist in this action;

iii.    The parties to this action; and

iv.     the Court and its staff as required to assist the Court.

3)      Any Restricted Document which is produced pursuant to this Order shall be filed under seal;

4)      This Order shall remain in effect until 63 days following the entry of a final order disposing of this entire action or until it is dissolved by agreement of the parties.

IT IS SO ORDERED

ENTER:

_____
Hon. Harry D. Leinenweber
United States District Judge